# MEMORANDUM

SEAN BRODERICK, NATIONAL LITIGATION SUPPORT ADMINISTRATOR,
DEFENDER SERVICES OFFICE TRAINING DIVISION
FEDERAL PUBLIC DEFENDER
1301 CLAY STREET, SUITE 1350N
OAKLAND, CA 94612
TELEPHONE: (510) 637-3500

Date:   June 11, 2018

To:     Federal Public/Community Defenders
        Panel Attorney District Representatives

From:   Sean Broderick, National Litigation Support Administrator

Re:     *Services of Additional Coordinating Discovery Attorneys (CDAs) Available in Appropriate, Select Federal CJA Cases*

    This memorandum is to advise you of the availability of five contractors to assist Criminal Justice Act (CJA) counsel with management of large volumes of e-discovery in selected federal CJA cases. Three new contractors, Angela Campbell, Julie de Almeida and John Ellis, are joining Russell M. Aoki and Emma Greenwood as national Coordinating Discovery Attorneys (CDAs) for the Defender Services program.

    The National Litigation Support Team ([NLST](#)) is available for CJA panel attorneys and federal defender organization (FDO) staff to serve as a resource for e-discovery and litigation support aspects of their cases. As part of a set of national litigation support strategies approved by the Judicial Conference Committee on Defender Services and managed by the NLST, Coordinating Discovery Attorneys (CDAs) work with defense counsel on cases in which there are a large number of defendants, voluminous discovery, or complicated electronic discovery issues. Since the inception of the program in 2011, numerous panel attorneys, federal defenders and courts have found the CDA program helpful in addressing complex e-discovery cases. To meet the demand for CDA assistance, the Defender Services program has increased the number national CDAs from three to five.

    The three new CDAs are Angela Campbell of Dicky and Campbell Law Firm PLC in Des Moines, IA, Julie de Almeida, in private practice in New York City, NY, and John Ellis, in private practice in San Diego, CA. All three lawyers have experience working on CJA cases, are knowledgeable about the types of software programs and vendor services available to assist in the management of discovery, and have been responsible for the effective use of technology and litigation support vendors to assist with the organization, search, review and analysis of e-discovery.

    CDAs are federal criminal defense attorneys experienced managing large volumes of discovery and developing review strategies to improve attorney efficiency and effectiveness. CDAs address the timing of discovery productions, the format in which materials will be produced, the early identification of discovery production issues and ways to maintain the evidentiary integrity of discovery. CDAs can provide additional in-depth and significant hands-on assistance to CJA panel attorneys and FDO staff in cases that require technology and document

management expertise, including facilitating the implementation of the "Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases" ([Recommendations](#)). CDAs evaluate the level of computer sophistication of each lawyer and staff member; identify the types of discovery involved; assist in dialogue with the U.S. Attorney's Office regarding the volume, form and timing of discovery productions (as explicitly encouraged in the Recommendations); assist in deciding how best to distribute the discovery; help determine what technology and other resources are necessary for discovery review and management; and aid in maintaining quality control of the discovery review process. By using a CDA, discovery is generally provided in a more useful form; one knowledgeable person assesses the case's litigation support needs and assists counsel in obtaining the resources necessary to meet them; discovery is more effectively and efficiently tracked; the purchase of litigation support software, hardware, and services is more cost effective; discovery is provided in a more timely manner; and the overall case processing times and costs are likely to be reduced.

To contain costs and maximize benefits, the CDAs focus on a limited number of cases each year that have been identified as needing a CDA based on the complexity of the matter, the number of parties involved, or the nature and/or volume of the discovery. **If the court, a panel attorney or FDO is interested in utilizing the services of a CDA, one of the CJA attorneys in the case should first communicate with the NLST, whose contact information is listed at the end of this memorandum.** After an initial consultation with the NLST, and a second one with one of the CDAs, a decision will be made about the use of the CDA's services in the subject case. Factors considered in determining whether a CDA will work on a particular case are:

- whether the number of co-defendants is so large as to create a risk of costly duplicative efforts, which could otherwise be eliminated or reduced upon the appointment of a CDA, or whether there are other factors that create a likelihood that the CDA's participation would enable costs to be contained;

- whether the volume of discovery is so large that addressing the organizational needs in the case would interfere with defense counsel's ability to address the legal and factual issues in a case;

- whether unusual organizational or technological issues exist, not commonly found even in complex cases, that would interfere with defense counsel's ability to address the legal and factual issues in a case;

- whether the case is prosecuted in a region that lacks experts who can provide necessary technology support and document management expertise in addressing the factors described above;

- whether the timing of the request, which preferably should be made early in a case, is such that the CDA's participation is likely to be of assistance to defense counsel, promote efficiency, and contain costs; and,

- the CDA's workload.

Not all factors need be present to seek the services of the CDA. In determining how much weight to provide each factor, the seriousness of the alleged offense will be considered. The

National Litigation Support Administrator (NLSA) makes an initial decision as to whether to assign a CDA to assist on a case. After the NLSA determines that the services of a CDA would be of assistance, CJA counsel should petition the court ex parte for the appointment of the CDA to assist defense counsel. The petition must be submitted ex parte because of the need to describe possible discovery management strategies and potential future costs. The court's appointment of the CDA to work with all defense counsel in the case provides authority for the CDA to confer directly with the prosecution on issues of discovery, which allows for better coordination and overall cost-efficiencies regarding information exchange.

If you have any questions regarding the services of a CDA, please contact either Sean Broderick (National Litigation Support Administrator) or Kelly Scribner (Assistant National Litigation Support Administrator) at 510-637-3500, or by email: sean_broderick@fd.org, kelly_scribner@fd.org.

cc:	Russell M. Aoki
	Angela Campbell
	Julie de Almeida
	John Ellis
	Emma Greenwood