

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 8, 2022

**BY EMAIL**
The Honorable Jed S. Rakoff
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007

      Re:    ***United States of America v. Jatiek Smith, et al.*, 22 Cr. 352 (JSR)**

Dear Judge Rakoff:

      The Government respectfully submits this letter in response to defendant Jatiek Smith's *pro se* letter dated August 1, 2022, in which Mr. Smith expresses a desire to waive pretrial motions and proceed to trial. We also write in response to nearly identical *pro se* letters that were subsequently submitted by two other defendants, Sequan Jackson and Rahmiek Lacewell. In addition, as of 3:30 p.m. today, the Government has received nearly identical letters from defendants from Damon Dore and Anthony McGee. For the reasons set forth below, the Government respectfully requests that the Court defer consideration of these defendants' *pro se* letters and schedule a conference, in approximately two weeks, at which time the Court can consider any counseled motions for a new trial date.

      *First*, as the Court is aware, generally motions should be made by counsel, unless a defendant is actually proceeding *pro se*. All the defendants who submitted letters for speedy trial are counseled and have indicated that they are rejecting their lawyers' advice in making these motions. It is well within the Court's discretion to reject a purported *pro se* motion filed by a represented defendant, particularly where, as here and for the reasons discussed below, the relief sought by the *pro se* motion bears directly on the attorney's ability to advocate effectively. *See, e.g.*, *United States v. DiPietro*, No. 02 Cr. 1237 (SWK), 2007 WL 3130553, at * 1 (S.D.N.Y. Oct. 17, 2007) ("Pursuant to its docket-managing authority, a district court may reject purported pro se motions filed by a represented defendant."); *United States v. de la Cruz*, No. 06 CR 1091 (SAS), 2007 WL 2325860, at *3 n.46 (S.D.N.Y. Aug. 13, 2007) (noting that a court has discretion to accept and, by implication, reject pro se submissions from a represented criminal defendant).

      *Second*, while each letter purports to request a speedy trial and waive motions, these requests leave many key questions unaddressed—and therefore unripe for the Court's decision at this time. For example, the letters do not make clear whether the defendants are requesting a trial in this calendar year, or merely at some point earlier than May 2023, particularly in light of each defendant's own interest in personally reviewing the voluminous discovery and planning their defenses. The letters do not address whether they are seeking severance from trials of defendants

who have not submitted such letters, or whether the requests for an earlier trial date presuppose that all defendants will be joined in the same trial. And while the letters purport to waive motions, they do not specify whether they are waiving suppression motions, motions to dismiss, *in limine* motions, or any conceivable pretrial motion (and, to the extent that any defendant would waive motions, their understanding of the consequences of such a decision should be confirmed on the record).

Furthermore, the letters do not address counsel's ability to effectively prepare for an earlier trial. Indeed, it would not be surprising if experienced defense counsel believe that the complexities of this case require multiple months to prepare a defense for trial. As previously described at the pre-trial conference, the Government expects that its case-in-chief will last approximately one month. The discovery, which the Government has already begun to produce to the defendants, is voluminous and includes Title III interceptions, cellphone extractions, bank records, and tax returns. Even were the defendants to waive any motion practice, it may well be that defense counsel need time to prepare themselves for this kind of complex racketeering and extortion trial. Accordingly, to the extent these defendants have a genuine desire to proceed to a trial earlier than May 2023, they would benefit from having discussions with their counsel on how soon defense counsel could be prepared for trial, and under what circumstances they would be prepared to try the case.

*Third*, deferring consideration of these motions will permit defense counsel to have discussions with their clients on the whether to seek an earlier trial. Mr. Smith has retained new counsel since filing his letter, and Mr. Smith's new counsel has indicated that he is continuing to discuss how soon, and under what circumstances, Mr. Smith is requesting a trial. The Government further understands that counsel for Mr. Jackson and Mr. Lacewell were not aware that their clients intended to send these letters or able to discuss the requests in advance. We understand that counsel for Mr. Jackson has been able to have conversations with his client since receiving the letter, and that Mr. Jackson has in fact expressed an interest in withdrawing his request, in part because it did not accurately reflect his wishes. A conference in approximately two weeks will allow defense counsel to continue these discussions. At that time, the defendants can, if they choose, make counseled motions for an earlier trial and clarify the circumstances under which they are prepared to seek an earlier trial. This course would also allow counsel to confer with counsel for the other defendants, in the event the parties collectively wish to propose an earlier trial date for the Court.[1] The Government has already made itself available for such discussions.

With respect to Mr. Smith's request for a virtual arraignment, the Government has confirmed with the U.S. Marshals Service that Mr. Smith is currently detained in Puerto Rico but that his transfer to New York is in progress. The Marshals were not able to provide a specific date when Mr. Smith is expected to arrive in this District. The Government understands from the

---

[1] Although the Government is open to discussing an earlier trial date should all defendants seek such an adjustment to the schedule, given the length and complexity of the trial, and the burden to witnesses and victims--many of whom are scared to testify due to the efforts of Mr. Smith and his co-defendants to intimidate them--the Government would strenuously oppose severance and would seek an opportunity to address the numerous reasons, specific to this case, that make severance inappropriate here, should the defendants make such a motion.

Marshals that if the Court were to set a date certain for a Court appearance, then the Marshals would make efforts to ensure that Mr. Smith arrives in the District by that date. Accordingly, the Government respectfully requests that the Court schedule a date for Mr. Smith's in-person arraignment in approximately two weeks, at which time the Court could also schedule the pretrial conference requested herein.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

by: /s/ Adam S. Hobson
     Adam S. Hobson
     Mollie Bracewell
     Rushmi Bhaskaran
     Assistant United States Attorney
     (212) 637-2484/ 2218 / 2439

cc: All counsel of record (By ECF)