M9D7SMIC

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4               v.                        22 Cr. 352 (JSR)

5    JATIEK SMITH, et al.

6               Defendants.
                                          Conference
7    ------------------------------x
                                          New York, N.Y.
8                                         September 13, 2022
                                          4:05 p.m.
9    Before:

10

                    HON. JED S. RAKOFF,
11
                                          District Judge
12

13                    APPEARANCES

14   DAMIAN WILLIAMS
          United States Attorney for the
15        Southern District of New York
     BY:  MARY E. BRACEWELL
16        RUSHMI BHASKARAN
          Assistant United States Attorneys
17
     THE VITALIANO LAW FIRM, PLLC
18        Attorney for Defendant Jatiek Smith
     BY:  MICHAEL VITALIANO
19
     LAW OFFICE OF ANTHONY CECUTTI
20        Attorney for Defendant Jackson
     BY:  ANTHONY CECUTTI
21        KESTINE THIELE

22   LAW OFFICE OF LISA SCOLARI
          Attorney for Defendant Small and Defendant McGee
23   BY:  LISA SCOLARI

24   BRADLEY LAW FIRM, PC
          Attorney for Defendant Dore
25   BY:  MICHAEL D. BRADLEY
```

M9D7SMIC

1                            CONTINUED APPEARANCES

2    DAVID K. BERTAN
          Attorney for Defendant Hasim Smith
3
     LAW OFFICES OF STEPHEN TURANO
4         Attorney for Defendant Lacewell
     BY:  STEPHEN TURANO
5
     THOMAS AMBROSIO
6         Attorney for Defendant Pereira

7    MOSES & SINGER, LLP
          Attorney for Defendant Peralta
8    BY:  BARRY S. ZONE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

M9D7SMIC

1          (Case called)

2          THE DEPUTY CLERK:  Will everyone please be seated.

3    And will the parties draw a microphone close to them and

4    identify themselves for the record.

5          Please be seated in the gallery.

6          MS. BRACEWELL:  Good afternoon, your Honor.

7          Mollie Bracewell appearing for the government.  Also

8    with me at counsel table beside me is Dan Gitner, chief of the

9    criminal division.  And beside him is AUSA --

10         THE COURT:  You brought the boss, huh?

11         MS. BRACEWELL:  We brought the boss.

12         And beside him is AUSA Rushmi Bhaskaran as well.

13         MR. VITALIANO:  Good afternoon, your Honor.

14         For Jatiek Smith, Michael Vitaliano.

15         MR. CECUTTI:  Good afternoon, your Honor.

16         Anthony Cecutti and Kestine Thiele for Sequan Jackson

17   who is present.

18         THE COURT:  As each defendant is mentioned, if the

19   relevant defendant would raise their hand so I'll know who you

20   are.  So let's go back to the first defendant.

21         MR. VITALIANO:  Michael Vitaliano for Jatiek Smith.

22         THE COURT:  Very good.

23         MR. CECUTTI:  And, again, your Honor, Anthony Cecutti

24   and Kestine Thiele for Sequan Jackson.

25         THE COURT:  Very good.

M9D7SMIC

1            MS. SCOLARI:  Good afternoon, your Honor.

2            Lisa Scolari for my client, Kaheen Small, who is in

3    the front row, raising his hand.

4            With the Court's permission, I will also stand in for

5    Jean Barrett who is ill.  She represents Mr. McGee who is also

6    raising his hand in the front row.

7            Thank you.

8            MR. BERTAN:  Good afternoon, your Honor.

9            David Bertan appearing for Mr. Hasim Smith.  He's

10   raising his hand.  He's at the end of the row.

11           MR. ZONE:  Good afternoon, your Honor.

12           Barry Zone for Octavio Peralta.

13           MR. BRADLEY:  Good afternoon, your Honor.

14           Michael Bradley representing Damon Dore in the front.

15           MR. AMBROSIO:  Good afternoon, your Honor.

16           Thomas Ambrosio on behalf of Manuel Pereira.

17           MR. TURANO:  Good afternoon, your Honor.

18   Stephen Turano on behalf of Rahmiek Lacewell who is present in

19   the front row.

20           THE COURT:  Very good.  Thank you, all.

21           So let me place on the record a little bit of the

22   history that brings us to this conference.  Back in late July,

23   I received a letter dated July 29 from Mr. Smith, a defendant,

24   saying that he wished to waive his right to file any motions

25   and he wanted to proceed to a speedy trial.  I then received a

M9D7SMIC

1   similar letter on July 31 from Mr. Jackson; a similar letter on

2   August 1 from Mr. Lacewell; a similar letter on August 3 from

3   Mr. Dore; and a similar letter on August 4 from Mr. McGee.  And

4   there were some modifications with respect to Mr. Jackson's and

5   Mr. McGee's letters.  We'll get to that later.

6         But after receiving those letters, I asked the

7   government to respond.  The government responded saying that,

8   on the one hand, I was free to totally disregard those letters

9   if I wish because counsel -- each of the defendants was

10  represented by counsel.  And while that is a correct statement

11  of the law, it's not my style to do that.  I felt, when we had

12  received so many letters from various defendants, that we ought

13  to take account of them.  So the government, in their letter,

14  alternatively suggested that we hold a conference.  And that's

15  when this conference was scheduled.

16        Now, subsequently, Mr. McGee, in open court, through

17  counsel, withdrew his request.  And Mr. Jackson, in connection

18  with a request for new counsel that he subsequently withdrew,

19  said some ambiguous things about his letter.  But the other

20  letters remained as is.

21        Now, Mr. Smith was being detained, at this point, in

22  Puerto Rico where he had been arrested.  And when he returned

23  and was arraigned before this court a week or two ago, he

24  strongly reiterated his request, and we put down a trial date

25  of October 17.  Although, I made clear to Mr. Smith that there

M9D7SMIC

1   was substantial discovery in this case and also that at least

2   other counsel felt there was meaningful motions that might be

3   made after they reviewed discovery.  And I explained, as a

4   result of that, we had set an extended schedule at the initial

5   arraignment of all the other defendants in this case, largely

6   at the request of the fine counsel who represented the

7   defendants in these cases.  And the schedule was that discovery

8   would be completed by August 16, but motions wouldn't need to

9   be filed until November 21.  We would then have a conference on

10  November 23 to deal with those motions, either orally, or when

11  response was necessary, I would notify the government.  And

12  then again, to accommodate the requests of various defense

13  counsel, the trial would be held beginning May 1 of 2023.  And

14  I found cause to exclude time through that date.

15          Now, nevertheless, Mr. Smith strongly reiterated his

16  request to go forward with trial and invoked, of course, the

17  Speedy Trial Act.  And I was sympathetic to that request and,

18  as mentioned, set the trial down for October 17 as to him,

19  waiting until today to see what other defendants wish.

20          Then most recently, I think it was yesterday, I got a

21  letter from the government indicating that, for a variety of

22  good reasons, they felt the trial for at least Mr. Smith should

23  be adjourned until November, and that Mr. Smith and his lawyer

24  joined in that request.

25          So before we get to all the other folks here, let me

M9D7SMIC

1    ask counsel for Mr. Smith, is that your position, that you

2    agree with the government's suggestion that the trial be moved

3    from -- of your defendant be moved from October 17 to sometime

4    in November?

5              MR. VITALIANO:  Yes, Judge.

6              THE COURT:  And I must say, I think that makes a lot

7    of sense, because then you would have much more ample

8    opportunity to prepare for trial.

9              And, Mr. Smith, that's your request as well?

10             JATIEK SMITH:  Yes.

11             THE COURT:  Okay.  So I went back and one of the

12   problems with the November date originally was that, in

13   addition to criminal matters that I had, and other trials that

14   had been scheduled, and also the Thanksgiving holiday, and also

15   that I'm sitting by designation on the Court of Appeals in

16   Phoenix in the 9th Circuit in Phoenix, Arizona in the middle of

17   November -- but I'll be thinking of you, of course -- I had

18   scheduled a four-week trial for November 30 in a civil case.

19   And it was a case I had postponed several times, and I'm very,

20   very reluctant to postpone it again.

21             But after reading the letter and taking into account

22   the need of Mr. Smith and his counsel to be properly prepared,

23   I decided the criminal case had to take precedence over the

24   civil case.  So I'm going to move the trial of Mr. Smith——and

25   then we'll hear from other defendants——to November 28.  That's

M9D7SMIC

1    the Monday following Thanksgiving.  That is very, very slightly

2    more than 70 days from arraignment.  But I will, in a minute,

3    exclude all time in any event for the reasons that are obvious

4    from our discussions so far.  So it will, for all practical

5    purposes, be as speedy a trial as one could expect reasonably

6    under these circumstances.

7            Now, the question then is what do other defendants and

8    what do their counsel want to do?  You only have two choices,

9    as far as I'm concerned.  You can have your client go to trial

10   on November 28, or you can have your client remain and go to

11   trial on May 1st.

12           So let's go in order.  And I'll start with the people

13   who filed letters, because I may need to hear from them as

14   well.  So the second letter after Mr. Smith's initial letter

15   was filed by Mr. Jackson and his counsel.  Mr. Jackson

16   initially sought to have substitute counsel, then he, after a

17   very full discussion—which I appreciated—ultimately decided

18   to withdraw that motion.  But what has not been withdrawn on

19   the present state of the record, at least, is his letter asking

20   for a speedy trial and to waive any motions.

21           So let me hear from counsel for Mr. Jackson.

22           MR. CECUTTI:  Thank you, your Honor.

23           Going into today's conference, my understanding, after

24   conferring with Mr. Jackson multiple times, including last

25   night, was that he intended to maintain his withdrawal of his

M9D7SMIC

1    letter.

2              THE COURT:  Okay.

3              MR. CECUTTI:  However, a few minutes before the

4    conference, I spoke with him, and he is now insisting to

5    proceed by way of a speedy trial and to proceed on the October

6    date, now the November 28 date.

7              THE COURT:  Okay.  So we will add him to the

8    defendants to be tried on November 28.

9              MR. CECUTTI:  And, your Honor, we have a conflict.  I

10   have a trial starting in the Eastern District before Judge John

11   Lee on November 23rd.  It's supposed to last two weeks.  So I'm

12   not available for a November 28 date.

13             THE COURT:  Of course, I thought this might come up

14   with other counsel as well.  So there are two alternatives.

15             Where is Mr. Jackson?  There you are.

16             So I could appoint new counsel for you starting

17   tomorrow and he would still have several months to prepare for

18   trial on November 28.  Or, if you prefer to keep your present

19   counsel, who obviously has already done important work, then

20   the only other date would be the May 1st date, and we'd give

21   him the opportunity to file motions and things like that.

22             So which of those two do you prefer?

23             DEFENDANT JACKSON:  I prefer a speedy trial, a new

24   counsel.

25             THE COURT:  Okay.  So November 28?

M9D7SMIC

1          DEFENDANT JACKSON:  Yes.

2          THE COURT:  All right.  So we will appoint new counsel

3    tomorrow under the CJA Act.  And present counsel will then be

4    released.

5          MS. SCOLARI:  Your Honor, this was -- as I say, I

6    don't really have a horse in this particular race.  But I know

7    for the benefit of Mr. Smith, the Court did go into a detailed

8    rendition of the discovery.  I do not know if the defendants

9    who are now being asked if they want a speedy trial are aware

10   of these --

11         THE COURT:  Okay.  I think that's a good point.

12         MS. SCOLARI:  And they really need to know whether new

13   counsel can legitimately get ready.

14         THE COURT:  Well --

15         MS. SCOLARI:  Judge --

16         THE COURT:  If I thought there were -- if I thought

17   that was a meaningful problem, I would have addressed it more

18   thoroughly.  But let me raise the first point you make.

19         So there's a lot of what is called discovery in this

20   case.  That is to say the government has provided evidence to

21   the defense counsel, and most of them have had it since the

22   middle of August.

23         MS. SCOLARI:  Your Honor, I beg your pardon.  We have

24   not received the discovery as of yet.

25         THE COURT:  Oh.

M9D7SMIC

1          MS. SCOLARI:  We've been advised by the coordinating

2    discovery attorney that we will be getting it very soon.

3          THE COURT:  Oh, well, now, I'm really upset about

4    that.  Because the only reason I appointed a coordinating

5    attorney was at the request of the defense, one lawyer in

6    particular.

7          MS. SCOLARI:  Yes.  Your Honor, you did --

8          THE COURT:  And --

9          MS. SCOLARI:  Very well.  I will wait.

10          THE COURT:  If I had any idea that a month after

11    receiving the discovery the coordinating counsel would still be

12    diddling with it, I never would have appointed that person as

13    coordinating counsel.

14          So is coordinating counsel here?

15          MS. SCOLARI:  No, your Honor.  She sent a letter to

16    the Court detailing the work that has been done.

17          THE COURT:  I don't care.

18          MS. SCOLARI:  I'm just -- in case you --

19          THE COURT:  I think it's outrageous that she has not

20    yet provided.  And I will reconsider whether she should be in

21    this case at all.  But, in the meantime, she is hereby

22    ordered—and you can convey this to her, but I'll put it in

23    writing as well—to provide all discovery to defense counsel

24    tomorrow.

25          MS. SCOLARI:  It's in process.  And that very well

M9D7SMIC

1    could happen.

2              THE COURT:  It will happen or she will be in contempt

3    of court.

4              MS. SCOLARI:  Well, some things are physically

5    impossible, but I am quite sure she will endeavor to do what

6    the Court is directing.

7              THE COURT:  So let's go back, Mr. Jackson, to you.

8              So, it actually turns out that the counsel who will be

9    appointed to represent you tomorrow, if that's still your wish,

10   will be getting the discovery just like everyone else tomorrow.

11             DEFENDANT JACKSON:  Okay.

12             THE COURT:  It's a lot of stuff.  I'm told it's like

13   40,000 pages.  A lot of it needs to be read carefully, even if

14   it turns out some will be more important than others.  But all

15   of it has to be read and digested.  And then, as I pointed out

16   to Mr. Smith when we had our discussion a few days ago, the

17   responsible counsel will then want, in the normal course, to

18   make motions to try to narrow the discovery or raise other

19   objections before the trial begins.  So that's why we set this

20   very extended schedule originally, because that's a lot of

21   work.

22             Now, Mr. Smith, I explained all that to Mr. Smith, and

23   he said, well, balancing everything, he still preferred to go

24   to trial right away.  And what that means is there will be no

25   motions, as you know.  That's what was requested.  In my

M9D7SMIC

1    experience, it doesn't mean counsel won't be prepared.  We

2    still have more than two months -- really, two and a half

3    months.  And these counsel who are appointed pursuant to the CJ

4    Act and other such situations are very skilled and experienced

5    counsel.  But, of course, they would be even more prepared than

6    that.  But you have a right──a right that, as you can see, I

7    take very seriously──to say, "I want a speedy trial."  That's

8    more important to me than being even better prepared through my

9    counsel or whatever.

10          But now that I've explained all that I just want to

11   make sure, once again, do you prefer to go to trial on November

12   28 or do you prefer May 1?

13          DEFENDANT JACKSON:  I prefer November 28.  Thank you.

14          THE COURT:  Okay.  So you will be added to November

15   28, and we'll get you new counsel tomorrow.

16          Now, the next letter was from Mr. Lacewell.  And

17   forgive me, I've forgotten who represents -- thank you.

18          MR. TURANO:  Your Honor, I, too, learned that my

19   client wished to exercise his speedy trial right.  But I, too,

20   have an issue with scheduling.  Aside from the voluminous

21   discovery, aside from the fact that we will only be just

22   getting it, and I think there are hundreds if not thousands of

23   audio and wire intercepts, as well as --

24          THE COURT:  But if coordinating counsel has done

25   anything──and I hope coordinating counsel has──you will get it

M9D7SMIC

1    in a more usable form than would otherwise be the case.

2              MR. TURANO:  Regrettably, your Honor, I have an

3    October 12 trial date in the Eastern District.  I have a very

4    short trial date in the District of New Jersey on November 11.

5    And perhaps more problematic is I have a trial in the Southern

6    District, which I fully believe will go, on December 5.  So I

7    will have a conflict.

8              THE COURT:  Well, if all that is an insuperable

9    problem, then we will excuse you as well and find new counsel.

10   But it occurs to me -- and I should have said this while we

11   were talking about Mr. Jackson as well -- that some trials are

12   more easily adjourned.  For example, a two-day trial, or

13   whatever that short trial was, many, many judges would be

14   willing, once they knew of the problem, to move a trial like

15   that.  I don't know whether that would be true in your case,

16   but I think that's often the case.

17             So why don't we do this.  We will, tomorrow, be

18   appointing counsel for Mr. Jackson.  Why don't you let me know

19   by no later than Friday of this week whether, after making

20   reasonable attempts, you've been able to move the others in

21   which case you can stay on.  If not, we'll have to replace you.

22             MR. TURANO:  Thank you, your Honor.

23             THE COURT:  Thank you.

24             Now, let me talk to Mr. Lacewell.  I'm sorry.  There

25   you are.  So, Mr. Lacewell, you heard all that I said before

M9D7SMIC

1    regarding the choices you need to make.  On the one hand, I set

2    an extended schedule in this case originally, and you can still

3    have that going to trial on May 1, not just because of the

4    volume of discovery, but also because, often, important motions

5    can be filed.  And I set a lot of time for counsel to decide

6    whether they wanted to make those motions.  And that can shape

7    the case.  I have no idea, of course, whether I would grant or

8    deny any of those motions.  But as I think I've pointed out to

9    Mr. Smith when we were first discussing just the other week, I

10   had six motions filed in a case, and I denied four, but I

11   granted two.  So motion practice can shape the trial in a way

12   favorable to you.  And, of course, a May trial -- your present

13   attorney who is already familiar with the case would have

14   plenty of time to prepare.  On the other hand, your right to a

15   speedy trial, which is right there in the Constitution of the

16   United States, is very important to this Court.

17             So, it's your choice.  So, you heard we will probably

18   have to get you new counsel.  Although, I'm hopeful maybe your

19   counsel can wangle an adjournment from one or more judges, but

20   we have to assume that that's not going to be the case and that

21   we'll have to replace him on Friday.

22             So do you still want to go to trial on November 28, or

23   would you rather stick with May 1?

24             DEFENDANT LACEWELL:  November 28.

25             THE COURT:  Okay.  So we will add you to the

M9D7SMIC

defendants to be tried on November 28.

So then the next letter was from Mr. Dore.  Who's his
lawyer?

No.  I know you're Mr. Dore.  But -- there you are.

So what is your position?

MR. BRADLEY:  I did confer with Mr. Dore this morning
regarding the letter he sent.  When I conferred with him
earlier today, I believe he still wished to assert his right to
a speedy trial.  He did not hear your Honor's summary of the
voluminous discovery that was still outstanding in this matter.
I gave him an idea of what might be coming, but he did not hear
your Honor's summary of the discovery.  And he also was not
aware of the two choices between November 28 and the currently
set trial date of May 1.

My only conflict with November 28 is travel plans.  I
plan to return to New York from an out-of-state vacation on
November 28.  I do not have any trials scheduled between now
and November 28.  I don't know if any of that would change
Mr. Dore's final answer.

THE COURT:  Well, we will ask him.  But I appreciate
you telling me that.  I'm sorry that you might have to cut your
vacation a little short, but that is the fate of all lawyers,
even judges.  And it's been several years since I've taken a
vacation.

So, Mr. Dore, you heard everything I said before.  And

M9D7SMIC

1    so what is your choice?

2              THE DEFENDANT:  Speedy trial.

3              THE COURT:  All right.  So he'll be added to November

4    28.

5              All right.  Then we have Mr. McGee, who already

6    withdrew his letter.

7              So I think those are the only people who asked for a

8    speedy trial over their counsel's recommendations.  So everyone

9    else will be on for May 1.

10             Now, is there anything else before I exclude time?

11   I've already excluded time through May 1, but I think it's also

12   important to also separately exclude time, which I will now do,

13   through November 28, finding that it represents a fair

14   accommodation of both the requests of the government and the

15   requests of the defendants, as well as the underlying speedy

16   trial and preparation for trial issues, and that for those and

17   other reasons the best interests of justice in excluding all

18   time through November 28 as to the defendants who are

19   requesting a speedy trial is appropriate, and that the best

20   interest of the public and the defendants in the speedy trial

21   is to the tiny extent that this goes over the 70-day limit is

22   more than outweighed by the interest of the public and the full

23   administration of justice.

24             Now, I see -- I neglected to ask the government

25   whether they wanted to comment on any of this.

M9D7SMIC

1           Mr. Gitner is well-known for his eloquence, but I'd

2      rather hear from the attorney in charge.

3           MS. BRACEWELL:  Thank you, your Honor.

4           And no, we thought the allocutions were completely

5      sufficient with respect to the defendants who are moving to the

6      earlier trial date.

7           We did want to note for the benefit of defense counsel

8      and the defendants that in the letter we submitted as of

9      yesterday, we previewed the possibility of a superseding

10     indictment.  As your Honor is aware, it will add several

11     counts, but it doesn't change or complicate the discovery

12     that --

13          THE COURT:  Well, we'll deal with that when it comes

14     up.

15          MS. BRACEWELL:  Understood.

16          THE COURT:  I'm relying on the government's

17     representation for now that it doesn't change anything in terms

18     of discovery preparation, etc.  Upon review, if I think

19     otherwise, we can always sever those counts and still go

20     forward on November 28.  So, either way, we're going on

21     November 28.

22          MS. BRACEWELL:  Understood.  And when the indictment's

23     returned -- or we can preview as well now that much of the

24     conduct that underlies those charges is conduct we've brought

25     to the Court's attention in the course of bail argument.  So

M9D7SMIC

1    it's part and parcel of the racketeering conspiracy.  So we'll,

2    of course, revisit that when the indictment is returned.

3              THE COURT:  Yes.  I think that's already been

4    docketed, the transcript.  But if not, you should go ahead and

5    docket it.

6              MS. BRACEWELL:  Okay.  Understood, your Honor.

7              THE COURT:  Any other counsel want to be heard?

8              MS. SCOLARI:  Your Honor, I have an update for the

9    Court.  I think Ms. Almeida must have heard the Court in her

10   office.

11             THE COURT:  And I'm so quiet too.

12             MS. SCOLARI:  In this instance, it surprises me she

13   can hear you.  But she has confirmed that in FedEx tomorrow,

14   the discovery will be going out to all counsel.

15             THE COURT:  Excellent.  Very good.

16             That concludes this proceeding.  Thanks very much.

17             (Adjourned)

18

19

20

21

22

23

24

25