MBHDSMIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                              22 Cr. 352 (JSR)

JATIEK SMITH,

                                       Conference
          Defendant.
------------------------------x

                                      New York, N.Y.
                                      November 17, 2022
                                      1:45 p.m.

Before:

                    HON. JED S. RAKOFF,

                                      U.S. District Judge

                       APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
RUSHMI BHASKARAN
ADAM HOBSON
ELIZABETH ESPINOSA
MARY BRACEWELL
    Assistant United States Attorneys

MICHAEL VITALIANO
    Attorney for Defendant

1              (Case called; appearances noted)

2              THE COURT:  Good afternoon.

3              So although Mr. Smith's counsel is here in the
4    courtroom, I'll repeat for Mr. Smith's benefit, much of what I
5    just said in connection with Mr. Jackson.

6              Ms. Kellman, counsel for Mr. Jackson, filed a letter
7    detailing in very considerable detail why she felt she could
8    not be fully prepared to adequately try this case on
9    November 28, and your counsel then joined in that letter and
10   made a similar application.  Now, of course, and I'll ask you
11   in a minute whether you still want a speedy trial, but let me
12   just let you know that what became obvious from that letter is
13   that the case involves greater discovery, greater complexity, a
14   greater number of witnesses, a whole bunch of things that I was
15   not as fully aware of.  And that made me, therefore, convinced
16   that in order for the defendants to get a fair trial, we really
17   couldn't go forward on November 28, but let me just ask you, is
18   it still your view you want to go forward on November 28, or
19   would you prefer to move it?

20             THE DEFENDANT:  Good morning, your Honor.

21             THE COURT:  Good morning.

22             THE DEFENDANT:  I'm not sure if the Court or the U.S.
23   Attorney received my letter that I sent.  I had a letter sent
24   on Tuesday.

25             THE COURT:  I haven't seen it.

1           MS. BRACEWELL:  We have not either.

2           THE COURT:  Tell me what it said.

3           THE DEFENDANT:  Well, basically just explained that my lawyer came to see me on Monday and told me that he would like to push the court date, so if that's his wish, then my wish is just going to be to go pro se.  And I'm still just going to go to trial on the 28th, sir.

8           THE COURT:  I'm sorry.  I didn't hear the last thing you said.

10          THE DEFENDANT:  That I'm going to go pro se and just still go to trial on the 28th.

12          THE COURT:  Well, you're not going to go to trial on the 28th, because I'm going to move it.  So whether you want to go pro se, we can discuss that in a minute, but here's -- in addition to what I became aware of in terms of the complexity of the case, what I also became aware of was that the law vests its decision more in the lawyer than in the defendant.

18          Now, of course if you wanted to go pro se, then that might not figure as importantly as it did in the case I just -- the portion of this case I just heard before you came in, but the fact of the matter is if you wanted to go pro se, it would only be because you have not the slightest idea how stupid, how ridiculous, how wrong that would be.

24          It is your constitutional right to go pro se.  I had a case just about four or five weeks ago involving a lawyer, but

1   not a trial lawyer, a corporate lawyer who went pro se.  He got

2   convicted in 45 minutes because he didn't know what he was

3   doing.  And it's just like saying, oh, I know I've got a

4   serious health problem, so I'm going to treat myself, I'm not

5   going to turn it over to a doctor.  And the usual result of

6   that in medicine is you die.

7           So I will hear you in a minute as to whether or not

8   you still want to go pro se, but my strong suggestion to you is

9   that that's a big mistake.  And let me just tell you, so that

10  you can figure it into your analysis, I'm going to move this

11  trial to May 1st no matter what.  I've become convinced that

12  you cannot get a fair trial, and if you are pro se, it would be

13  even less likely that you could get a fair trial if we went on

14  November 28.  So I'm going to move it in any event to May 1.

15          Now, now that you know that, think about whether you

16  really want to go pro se or whether now that you know that your

17  desire for a speedy trial is not going to affect the decision

18  to go to May 1, whether you instead want to keep your lawyer,

19  but that's your decision.  So you don't have to make that now.

20  If you'd rather wait a day or two and think about it, that's

21  okay with me, or if you want to make the decision now, that's

22  okay, too.

23          THE DEFENDANT:  Well, honestly, I see I don't have no

24  choice but --

25          THE COURT:  I'm sorry.  I'm having trouble hearing

1   you.

2   THE DEFENDANT: I said, honestly, I see I have no
3   choice, but I'm just going to have to go pro se then. I have
4   to do what I have to do for me.

5   THE COURT: You had no choice, but -- again, I didn't
6   hear the last thing you said.

7   THE DEFENDANT: I said I see I have no choice, so I'm
8   just going to have to go pro se.

9   THE COURT: Well, let me suggest to you, and then if
10  that's what you want, I suspect you might qualify for appointed
11  counsel. I don't know.

12  Does the government have any view of that?

13  MS. BRACEWELL: Your Honor, we're only vaguely
14  recalling the presentence report, but we do recall that the
15  defendant reported assets our recollection is in excess of a
16  million dollars. You know, I'm not sure.

17  THE COURT: Well, assuming for the sake of argument
18  that you could qualify for appointed counsel, would you prefer
19  to have appointed counsel?

20  THE DEFENDANT: Well, honestly, I'm -- I don't have no
21  faith in none of these counsels. I don't have no faith in none
22  of them. Like I don't understand why I can't have a speedy
23  trial when I --

24  THE COURT: Well, I understand that, but I have
25  respectfully disagreed. As you know, I went to great lengths

to try to accommodate your speedy trial request, and I thought we could pull it off, but it just turns out that there's no way you could get a fair trial. And counsel recognizes that, and I am sorry you don't recognize it, but that's your right to have -- to disagree with the Court.

But I really -- now that you know it's going to be May 1st, then what I'm saying to you is if you want to go pro se on May 1st, you can. We're not going to go on November 28 no matter what. If you want to keep your present counsel, great. If he and you have for whatever reason reached the point where you don't want to continue with him, I would look into whether you would qualify for appointed counsel.

I could be wrong, but I suspect you might qualify for appointed counsel, and I might even be able to get some counsel from a big law firm willing to take this on on a pro bono basis even if you didn't qualify. I don't guarantee that, but that would be a possibility.

My suggestion is that you think about it for a couple of days, but if you want to make the decision right now, that's up to you.

THE DEFENDANT: Again, your Honor, I see the decision for speedy trial was already made. So, I don't have no faith in none of these attorneys, your Honor. I just have to have faith in myself, man. I was prepared and I was okay with going to trial no matter what the situation was. I was okay with

1     going to trial, but I'm not going to sit here and keep going

2     through this, so I have to do it myself.  I'd rather be mad at

3     myself than mad at an attorney and blame an attorney later.

4             THE COURT:  Of course you have to do what you think is

5     right.  No one disagrees with that.  But I just -- I don't

6     understand when you say you have no faith in any of these

7     attorneys.  You mean you think all attorneys are not going to

8     zealously, forcefully represent you even though that's their

9     ethical obligation?  What's your basis for thinking that?

10            THE DEFENDANT:  My basis is just honestly how I feel

11    and my experience right now.  So that's how I feel right now

12    about the situation, and that's what I'm standing on.

13            THE COURT:  Alright. Well, here's what I'm going to

14    do.  First, the trial is moved to May 1st.  Second, pursuant to

15    Section 3161 of Title 18, I will exclude all time between now

16    and May 1st from calculations under the Speedy Trial Act for

17    the reasons stated both here and in the earlier proceeding with

18    Mr. Jackson, and also because the best interests of justice in

19    excluding such time substantially outweighs the interest of the

20    public and the defendant in a speedy trial precisely because

21    that's the only way, whether he realizes it or not, that

22    Mr. Smith can get a fair trial.

23            I will adjourn this matter until -- let's see if we

24    can find a time on Monday, and at that time, Mr. Smith, if you

25    are absolutely determined to go pro se, I will of course

MBHDSMIC

1    accommodate that request, but I --

2            THE DEPUTY CLERK:  Aren't you speaking in New Jersey
3    Monday?

4            THE COURT:  Yes, I am, but I don't have to leave to
5    that until -- we could do it Monday morning.

6            THE DEPUTY CLERK:  Okay.

7            THE COURT:  Like 9:30.

8            THE DEPUTY CLERK:  Very good.

9            THE COURT:  Okay.  That will give you a few days to
10   think about it, Mr. Smith.  I really urge you from the bottom
11   of my heart that if you want to go pro se, you will be making a
12   terrible mistake.  But it is your choice, not mine.

13           Okay.  Anything else?

14           MS. BRACEWELL:  Yes, your Honor.  May we submit a
15   letter with the proposed inquiry pursuant to *Faretta*, *Faretta*
16   *v. California*, with questions for the defendant to be posed if
17   he's going pro se?

18           THE COURT:  Okay.  Yes, of course.

19           MS. BRACEWELL:  Okay.  Thank you, your Honor.

20           THE COURT:  Usually it's about the government wants me
21   to ask at least 47 questions.

22           MS. BRACEWELL:  At least.

23           THE COURT:  But I might limit it to 46.

24           So anything defense counsel wants to raise?

25           MR. VITALIANO:  Judge, just one thing as to

MBHDSMIC

1  Mr. Smith's discovery issues at the MDC.  He's reported to me
2  that when he tries to play the discovery on his computer, there
3  is no sound, the video doesn't play, and there is a defective
4  issue with the discovery drive itself that asks Mr. Smith to
5  reboot it on the computer.  And he does not have the permission
6  to reboot that discovery on his computer, so I don't know if --
7           THE COURT:  Alright.  Well, here's what I think.  Have
8  you and the government called the MDC -- there's a person there
9  who's supposed to be handling all this stuff now -- to inquire
10 into it?  If you haven't, you should do so between now and
11 Monday.
12          MR. VITALIANO:  Yes, Judge.
13          THE COURT:  And if it's still a problem on Monday,
14 then I'll take steps to rectify.
15          Anything else?
16          MR. VITALIANO:  No, Judge.
17          THE COURT:  Alright.  Very good.  Thanks very much.
18          (Adjourned)