UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

       - v. -                                22 Cr. 352-1 (JSR)

JATIEK SMITH, et al,,

        Defendants.
-------------------------------------------------------X

## DECLARATION OF DEFENDANT

JATIEK SMITH, does hereby declare under penalty of perjury and pursuant to 28 U.S.C. §1746, that the following is true:

1. I am the lead defendant in the above-encaptioned matter, and I am submitting this declaration in support of my motion to be released from custody based on a) a violation of my speedy trial rights, pursuant to 18 U.S.C. § 3164, and b) the deprivation of medical care and a medically-required diet at the Metropolitan Detention Center where I am presently detained.

2. I am making the following assertions of my own knowledge except at any point where I state otherwise, in which case the source of my information will be provided.

Speedy Trial Release from Custody

3. I was arrested in this case while on a vacation with family in San Juan, Puerto Rico on June 28, 2022. Prior to the arrest I had a suspicion that there might be an investigation in progress and so even before the arrest I took steps to identify materials in my business and personal records which would likely aid in my defense.

4. After the arrest in Puerto Rico I retained an attorney, Anthony LaPinta, who filed a Notice of Appearance in this Court on July 7, 2022 (even though I was still in Puerto Rico). Docket Sheet No. 33. He started working with me on preparing for trial. In late July I replaced him with Michael Vitaliano, Esq., who filed a Notice of Appearance on August 1, 2022. Docket Sheet No. 39. On that date the Court received and filed a letter I wrote (dated July 29, 2022) which stated that I wanted to waive my rights to file motions and to "proceed to a speedy trial." I requested to have a video appearance for myself arranged by the Court because, as I stated, "I do not want any delays to proceed to trial." (Docket Sheet, No. 30).

5. After I arrived in New York I first started receiving copies of the discovery. The docket sheet shows that on October 21, 2022 this Court set a discovery deadline on October 28, 2022 (as memorialized on the Docket Sheet as a Minute Entry for November 7, 2022, which applied only to those defendants like

myself who were going forward with a speedy trial, now set for November 28, 2022 (after being moved from October 17, 2022). I was able to review the discovery on a hard drive provided to me by the "discovery coordinator" on or about October 19, 2022, and felt familiar enough with the contents to be ready for trial on November 28, 2022. At no time did I request additional time to prepare for trial based on the amount of discovery that was being provided by the government.

    6. Throughout the Fall of 2022 I was communicating with my retained attorney, Mr. Vitaliano, about getting ready for trial. My wife even made an advance payment of almost all of the "trial fee" so that he would drop other matters and focus on getting ready for the trial. I pressed him repeatedly, and became upset when he did not come visit me for one three-week period during October. I was also upset with him for trying to convince me to either proffer with the U.S. Attorney's Office or enter into a plea agreement when I wanted him to be preparing for trial.

    7. On September 9, 2022 (my first appearance before this Court) and on November 4, 2022, my bail status was reviewed and this Court ordered my continued detention based on "danger to the community." I have been in continuous custody since June 28, 2022. On September 13, 2022, the court held a conference in the case saying that the court had received a letter from the

government requesting a postponement of the trial to November and that my attorney and I had consented. I was never made aware of that request prior to the conference on September 13 and I had not consented to a change of the trial date.

8.  On November 14, 2022, my attorney, Michael Vitaliano, filed a letter requesting a postponement of the trial.  (Docket Entry No. 103). He did this without consulting me.  The Court held a hearing on November 17, 2022 at which time I said I would prefer to represent myself *pro se* and continue with the trial on November 28, 2022. At the conference the Court stated that the trial would be postponed to May 1, 2022, over my objection. There was a discussion about whether I still wanted to represent myself. The Court made it clear that whether I fired Mr. Vitaliano and went *pro se* the trial would still be held on May 1, 2023. Although I had differences with Mr. Vitaliano, they were mainly because he appeared to be wasting time on trying to get me to plead guilty rather than preparing for the trial on November 28th. Once it became clear that whether I represented myself or not the trial would not go forward on November 28th, and therefore, of course, I would rather have an attorney assist me. Because of our differences, however, I decided I did not want to continue with Mr. Vitaliano and I agreed to accept CJA counsel, Mr. Nooter, who is now representing me.

9.  I wish to emphasize that my desire to have a speedy trial, for which I had been diligently preparing since before my arrest on June 28, 2022, was so

-4-

paramount in my mind that I was willing to represent myself rather than be represented by an attorney who would not prepare for the speedy trial that I had requested and that, until November 21, 2022, this Court had granted.

10.  I am aware that one of the remedies available for a violation of the Speedy Trial Act is to have the case dismissed, with or without prejudice. My own research suggests to me that in the rare case when cases are dismissed it is without prejudice for a new indictment to be filed and for the whole process to start over again. That would result in my case in having an even less speedy trial because the 70-day "clock" would start running again and I would not likely to even be able to have a trial on May 1, 2023. For that reason I am seeking the alternative remedy of release on conditions provided for in 18 U.S.C. § 3164. I believe that despite this Court's initial sincere efforts to provide me with a speedy trial (even insisting that there would absolutely be no continuances granted), the court, by cancelling the November 28th trial date and postponing the trial to May 1, 2023, has violated the 90-day rule of 18 U.S.C. § 3164 and that I should now be entitled to have my detention reviewed and to be released on the conditions of bail that I previously proposed.

Medical Condition and Conditions at the MDC

11. While I have not been able to secure my full medical records from the Metropolitan Detention Center ("MDC") I have medical records which show that I

have several medical conditions which are not being adequately addressed in federal custody.

12.  First, I have a number of food allergies which are noted in the records, and the MDC is either unwilling or unable to provide me with enough food which does not trigger an allergic reaction. This means that on some days I go all day without eating anything because what they give me is on the prohibited list of what I cannot eat, which include (as shown in the records), egg, milk, shellfish or shellfish-containing products, and soybean. These are all listed as "high severity."I am also allergic to wheat, rye, peanuts, and oats.

13.  More important, I started to develop problems in my throat which resulting in my passing out in my cell from an inability to breath properly. It was only through the intervention of other inmates that I was taken to one of the NYU-Langone hospitals (which fortunately had records of prior treatment at the NYU hospital in Staten Island) on December 8, 2022, where an Upper Endoscopy was performed and lumps were removed from my throat. The "working" diagnosis at that time was that the lumps were caused by "food impaction" but the lumps that had been removed were sent out for pathological analysis. The medical office of MDC had a telephonic conference on December 14, 2022 with the doctors at NYU-Langone. Not being a doctor I cannot interpret the record very well, and the doctor who comes to MDC has not explained what is needed now. I am mainly

concerned about whether the lumps are some form of cancer, but even if not, because the discomfort keeps returning I need better and more regular care that I can receive while in prison. For example, the records notes as follows: "Diagnosis A Squaous esophageal mucosa with chronic nonspecific esophagitis featuring intraepithelial eosinophils." In another place on the record it states as follows: "Discussed dietary requirements also, has high IgE to an assortment of different foods. Will need to perform a stepwise elimination of allergic triggers as an outpatient."The care team has recommended that I be on medication, which I am taking, but the problem persists. Nobody on the medical staff at MDC has updated me on my test results or any other information since December 8th.

15. 14. In addition to the problems of getting sufficient food which is consistent with my dietary restrictions the general conditions in the MDC are horrible. We have constant "lock-downs" covering the whole facility for the simple reason that the MDC does not have enough staff to run normally. These means I get no family visits, no access to my discovery or the law library, and often no access to my attorneys.

15. The pre-trial conditions in which I am being held are intolerable and makes it impossible for me to focus on preparing for trial.

WHEREFORE, I respectfully request that the Court reconsider my custody status and release me on conditions of bail, with the sureties I previously proposed and with such limitations on my freedom to leave my home as the court deems necessary.

_____
JATIEK SMITH