UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

        - v. -                   22 Cr. 352-1 (JSR)

JATIEK SMITH, et al,,

        Defendants.
-----------------------------------------------------X

MEMORANDUM OF LAW

Procedural History

      The defendant, Jatiek Smith, was charged along with a number of other defendants in an indictment that was unsealed on June 23, 2022. He was arrested in the District of Puerto Rico on June 28, 2022 and presented before a Magistrate Judge on that date. At the presentment he waived his right to an identity hearing. The court ordered that "the defendant shall remained detained" and further ordered his removal to the Southern District of New York. (**Exhibit A**, Docket Sheet, U.S. District Court, Puerto Rico, case 22-mj-00763-GLS-1).

      Mr. Smith was not received in the Southern District of New York until September 7, 2022. His first appearance in this district was before this Court on September 9, 2022 for arraignment. He was already represented by retained

-1-

counsel. Because of his demand for a speedy trial (communicated in a letter sent to the Court in July, 2022 while Mr. Smith was still in Puerto Rico) a trial date was set for October 17, 2022 (effectively severing the trial from all of the other co-defendants). (Note that rulings on speedy trial clock exclusions will be discussed in the "Discussion" section below). He was ordered detained.

On September 13, 2022, at a conference before this Court, the trial date was reset to November 28, 2022 for the defendant and several other of the co-defendants (the other co-defendants had agreed to a trial date of May 1, 2023 but now wanted their trials moved up to the November date), so Mr. Smith's case was now joined with that of three of the co-defendants, all going forward on November 28, 2022).

On October 7, 2022, the Court held a status conference in response to a letter sent directly to the Court by Mr. Smith in which he stated he had a disagreement with his retained attorney concerning the trial date and that he wanted to go "*pro se.*" With advice from the Court and being aware of the disadvantages of going *pro se* Mr. Smith concluded he would keep his current counsel, and the trial date remained as November 28, 2022.

On November 4, 2022 the defendant sought a review of his bail conditions but his detention was continued on account of "danger to the community."

On November 17, 2022, in response to a letter from counsel for Mr. Smith and another co-defendant the Court held a conference at which he ruled that the trial would be moved to May 1, 2023 (and rejoined with the other defendants), and gave Mr. Smith time to reconsider his request to represent himself.

On November 21, 2022 another conference was held by the Court at which time the defendant agreed to accept appointed counsel.

As of the filing of this motion, most of the other defendants in the case are at liberty on conditions of release, but Mr. Jatiek Smith remains in custody.

<u>The Law</u>

In 1975 the provisions of a new Speedy Trial Act came into effect, although the effective date of some of the provisions was delayed in several steps for the next several years. The interval between July 1, 1975 and July 1, 1977 was deemed a "transition period" and while the courts were directed to create a district plan and to attempt to provide a speedy trial within 90 days of arrest or presentment, the "sanctions" section of the Act was not in effect. Instead, Congress passed 18 U.S.C. §3164[1] (since amended) which at the time provided the

---

[1] "§ 3164. Interim limits.

"(a) During an interim period commencing ninety days following July 1, 1975 and ending on the date immediately preceding the date on which the time limits provided for under section 3161(b) and section 3161(c) of this chapter become effective, each district shall place into operation an interim plan to assure priority in the trial or other disposition of cases involving—

only sanction for a violation of the terms of the Act, which was for any defendant deemed "high risk" to be released on bail after 90 days if trial had not commenced. That version of the Act did not have any basis for exclusions except for periods of delay caused by the defendant or his counsel. See explanations in *United States v. Krohn*, 558 F.2d 390 (8th Cir.), cert. denied, 434 U.S. 868, (1977)(by enacting 18 USCS § 3164, Congress intended to provide sanction of pretrial release to correct specific problem of excessive pretrial detention delay during transitional period when sanction of dismissal of trial due to delay would not be in effect.); *and United States v. Masko*, 415 F. Supp. 1317 (W.D. Wis. 1976).

Eventually the dismissal (with or without prejudice) sanctions of 18 U.S.C. §3162 went into effect, and 18 U.S.C. §3164 was dropped as a basis for relief from speedy trial violations. In 1979, however, Congress amended §3164 to remove the originally-stated time frame for its effectiveness from 1975 to 1977, and added that exclusions stated in 18 U.S.C. §3161(h) would apply to the bail/release

---

"(1) detained persons who are being held in detention solely because they are awaiting trial, and
"(2) released persons who are awaiting trial and have been designated by the attorney for the Government as being of high risk.
"(b) During the period such plan is in effect, the trial of any person who falls within subsection (a)(1) or (a)(2) of this section shall commence no later than ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the Government. The trial of any person so detained or designated as being of high risk on or before the first day of the interim period shall commence no later than ninety days following the first day of the interim period.".

sanction of 18 U.S.C. §3164 for "high risk" defendants [never fully defined, but presumably, in conjunction with the Bail Reform Act, included defendants detained as a flight risk or for danger to the community for whom no combination of conditions would be adequate to order release from custody).[2] Notably, no other portion of 18 U.S.C. §3161 was incorporated by reference into 18 U.S.C. §3164 (including the date from which the counting of the number of days should start). Congress has never amended the statute to conform with the shorter number of days permissible under 18 U.S.C. §3161, so any "high risk" defendant who is detained for more than 90 days of non-excludable time from the time the defendant was designated as "high risk" would trigger the right to a bail

---

[2] Current version:   § 3164. Persons detained or designated as being of high risk
(a) The trial or other disposition of cases involving—
(1) a detained person who is being held in detention solely because he is awaiting trial, and
(2) a released person who is awaiting trial and has been designated by the attorney for the Government as being of high risk,
shall be accorded priority.
(b) The trial of any person described in subsection (a)(1) or (a)(2) of this section shall commence not later than ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the Government. The periods of delay enumerated in section 3161(h) [18 USCS § 3161(h)] are excluded in computing the time limitation specified in this section.
(c) Failure to commence trial of a detainee as specified in subsection (b), through no fault of the accused or his counsel, or failure to commence trial of a designated releasee as specified in subsection (b), through no fault of the attorney for the Government, shall result in the automatic review by the court of the conditions of release. No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial. A designated releasee, as defined in subsection (a), who is found by the court to have intentionally delayed the trial of his case shall be subject to an order of the court modifying his nonfinancial conditions of release under this title to insure that he shall appear at trial as required.

reconsideration which, according to the language of the statute, results in release from custody.

## Discussion

Although the Speedy Trial Act now provides for the remedy of dismissing the indictment, with or without prejudice (18 U.S.C. §3162(a)(1)), Mr. Smith is moving here for release on bail pursuant to 18 U.S.C. §3164. There are two notable differences in how the time within which a trial must commence is counted. First, the time within which a trial must commence is 90 days for §3164, rather than 70 days. This current state of the law is summarized by *United States v. Lev Aslan Dermen*, 779 F. App'x 497, 504 (10th Cir. 2019) as follows:

> The Speedy Trial Act generally requires a defendant's trial to begin within 70 days of his indictment or first appearance before a judicial officer. 18 U.S.C. § 3161(c)(1). Section 3161(h) requires the exclusion of time for a variety of reasons, including delay from removal of a defendant from another district, pretrial motions, joinder with codefendants, and continuances required when the court finds that "the ends of justice . . . outweigh the best interest of the public and the defendant in a speedy trial." A separate provision of the Act contains a 90-day clock for defendants who are in "continuous detention" pending trial and requires that trial occur within 90 days of the start of detention, excluding the periods of delay enumerated in § 3161(h). Id. § 3164(b). [Emphasis added.]

Second, the starting point is not (as for the dismissal remedy of 18 U.S.C. 3162(a)(1) when the 70-day period starts running [for a defendant arrested outside

of the judicial district for trial] "...from the date the defendant has appeared before a judicial officer of the court in which such charge is pending..." Under §3164, however, the starting point for counting the 90 days is counted "... following the beginning of such continuous detention or designation of high risk by the attorney for the Government." Note that §3164(b) incorporates by reference the exclusion periods of §3161(h), but does not incorporate any of the other terms or parts of §3161 (such as the definition of when the time starts to run stated in §3161(a)(1)).

Jatiek Smith was arrested on June 28, 2022, and brought before the U.S. Court in Puerto Rico on the same day. (See **Exhibit A**, Docket Sheet for Case No. 22-mj-00763-GLS-1, U.S. District Court for the District of Puerto Rico (San Juan)). On that date Mr. Smith waived his right to an identity hearing (thus causing no delay) and an order of detention was entered (**Exhibit A**. Docket entry 2). The exclusion section of §3161(h) which covers defendants who have to be transferred from another district only permits an exclusion of ten days (see §3161(h)(1)(F). In this case, Mr. Smith did not arrive in the Southern District of New York until September 7, 2022, and did not appear before any court until September 9, 2022, when he was arraigned by this court and a trial date was set for October 17, 2022. (See, **transcript** of arraignment on **September 9, 2022**)

At the arraignment on September 9, 2022, the court ordered Mr. Smith's

continued detention based on danger to the community (thus continuing the "high

risk" status referred to in §3164(a)), (see **transcript, 9/9/2022**, page 19) and also

excluded "...from the calculations under the Speedy Trial Act all time between

now and October 17th , finding that it is not really necessary, that [there] will be a

speedy trial, but that in any event, that is a reasonable time for he and his counsel

to prepare for the trial, and that for those and other reasons evident from this

proceeding, the best interests of justice in excluding such time substantially

outweighs the interests of the public and the defendant in a speedy trial."2022. See

**transcript, 9/9/2022**, page 5.

The defendant submits that this exclusion, which was not requested by

either side, was not necessary (as the Court noted) for the purposes of 18 U.S.C.

§3161 because the proposed trial date was well within the 70-day requirement of

that statute. The Court made no ruling with respect to, or mention of,  18 U.S.C.

§3164. There was, as of that time, no evidence that any of the exclusions of  18

U.S.C. §3161h) should apply, and the 70 days provided for in the Act are already

there in order to give both sides time to prepare for trial (which standing alone is

not a listed exclusion). No party made a request to have the case designated

"complex" (pursuant to  18 U.S.C. §3161(h)7(B)(ii) or to request additional time,

over the 70 days, for preparation in a non-complex case (for which there may still

be extra time needed for preparation), as referred to in 18 U.S.C.

§3161(h)7(B)(iv).

The Court also did not make any ruling with respect to the time that had

passed between Mr. Smith's detention in Puerto Rico (June 28, 2022) until

September 9, 2022. See **transcript, 9/9/2022**, page 5. The number of days that

passed between June 28, 2022 and September 9, 2022, was 73 days. The court did

not rule that 10 of those days should be excluded pursuant to §3161(h)(1)(F), or

how the two days between September 7 and September 9th should be counted.

Thus, non-excluded days from the arrest and detention of Mr. Smith and is at

most, 73 days, and at the least, 63 days. Note that  §3161(h)(1)(E) would not apply

because Mr. Smith was brought promptly (the same day) before the court in Puerto

Rico, so all of the delay that followed was due to transporting him to New York,

and thus the 10-day limitation on the exclusion would apply pursuant to

§3161(h)(1)(F).

Although no objection was made to that exclusion, as this Court noted in a

case where Your Honor was sitting on a panel of the Second Circuit, it is the duty

of the Court to make sure the speedy trial rights of a defendant are protected. See

*United States v. Pikus*, 39 F. 4th 39, 58 (2d Cir. 2022).

The Court also severed the case of Mr. Jatiek Smith from that of the other

defendants in order to accommodate his request for a speedy trial, which had been

pressed in a letter from Mr. Smith to the Court dated July 29, 2022 (while Mr.

Smith was still in Puerto Rico), in which he had stated that he would waive all

motions and was not prepared to consent to any exclusions of time. See Docket

Entry No. 40, letter from defendant Smith. The Court honored that request by

severing the case for trial for Mr. Smith and setting a trial date of October 17th.

Thus, as of September 9, 2022, there was also no basis for excluding time based

on whatever waivers or exclusions applied to co-defendants. (See 18 U.S.C.

§3161(h)(3)(B)(6)).

On September 13, 2022, the Court held a status conference because of a

letter sent to the court by the government. (See, **transcrip**t of **September 13,**

**2022**). The Court noted the letter sent by Mr. Smith in July requesting a speedy

trial and offering to waive the filing of pre-trial motions. The Court also noted that

there were letters from other defendants in the case demanding a speedy trial, for

whom a different motion schedule had previously been set. See **transcript,**

**9/13/2022**, pages 5-6. The Court stated that the government had sent a letter in

which they requested that the Court reset the trial date to a date in November, and

that the defendant (Mr. Jatiek Smith) and his attorney joined in the request. At the

conference this was confirmed by the attorney and by Mr. Smith. **transcript,**

-10-

**9/13/2022**, page 7. The Court set a new trial date of November 28, 2022 for Mr.

Smith and several other defendants, severing their case from that of the other

defendants (who had a trial date of May 1, 2023). The Court excluded time for the

Speedy Trial "clock" until November 28, 2022, without objection by the defendant

or his attorney, stating:

> "I have already excluded time through May 1 [which applied to the
> three other defendants now being joined for the November 28th trial],
> but I think it's also important to also separately exclude time, which I
> will now do, through November 28, finding it represents a fair
> accommodation of both the requests of the government and the
> requests of the defendants, as well as the underlying speedy trial and
> preparation for trial issues, and that for these and other reasons [not
> specified] the best interests of justice in excluding all time through
> November 28 as to the defendants who are requesting a speedy trial is
> appropriate, and that the best interest of the public and the defendants
> in the speedy trial is to the tine extent that this goes over th 70-day
> limit is more than outweighed by the interest of the public and the full
> administration of justice." **transcript, 9/13/2022**, page 17.

Again, no party requested additional time for preparation for trial because the case

was "complex" or there were any other issues (as of that time) that made extra

time for case preparation necessary in the interests of justice. The exclusion of the

several days over the 70-day period since September 9, 2022 would have been

reasonable simply to accommodate the calendar of the attorneys and the Court, but

only those days would need to have been excluded.

On October 17, 2022, the Court held another status conference as a result of

-11-

a letter being sent to the Court by Mr. Smith saying that he had effectively "fired" his retained attorney and that he wished to proceed *pro se*, and that he did not wish to have any change made to the trial schedule. See, **transcript** of **October 7, 2022**, pages 2 and 12, and Declaration of Defendant Jatiek Smith.  After an examination of the defendant and his attorney in an *ex parte* conference (which portion of the transcript was sealed), it was agreed that Mr. Smith would continue to be represented by his retained attorney and that the trial date would continue to be November 28, 2022.

On November 4, 2022, the defendant and counsel appeared before this Court with a renewed bail application, which was denied. No change was made to the trial date.

On November 17, 2022, another status conference was held. The reason was a letter submitted to the Court by Mr. Smith's attorney jointly with counsel for one of the other defendants (Docket Entry No. 103), stating that both attorneys felt that they "could not be fully prepared to adequately try this case on November 28..." (See, **transcript** of **November 17, 2022**, page 2, summary by the Court of the content of the letter). Mr. Smith himself spoke to the Court affirming that because his attorney wanted to "push the court date" (set a later date for trial), that he wished, again, to represent himself *pro se* and keep go forward with trial on

November 28, 2022. After Mr. Smith repeated his position the Court responded: "Well, you're not going to go to trial on the 28th because I am going to move it." The Court further stated, "in addition to what I became aware of in terms of the complexity of the case, what I also became aware of was that the law vests its decision more in the lawyer than in the defendant." **Transcript, November 17, 2022**, page 3.

During the November 17th conference, after the Court stated that the trial was not going to be held on November 28, the Court tried to explain to Mr. Smith that representing himself was a foolish application to make, but initially Mr. Smith was adamant, saying, "Well, honestly, I see I don't have no choice but – ...I see I have no choice, but I'm just going to have to go pro se, then. I have to do what I have to do for me." **Transcript, November 17, 2022**, pp. 4 – 5. When the Court offered to determine whether he could have a new attorney appointed for him he responded by saying, "Well, honestly, I'm – I don't have no faith in none of these counsels..." (Id., at page 5). The Court stated that it was now the view of the Court that the early trial date cannot be accommodated, that "...We're not going to go on November 28 no matter what,"  and that the trial will be set for May 1, 2023 (with the rest of the defendants). Id. Mr. Smith stated, after further explanation by the Court, "Again, your Honor, I see the decision for speedy trial was already made."

Although it developed that the discovery in this case was voluminous in terms of the "gigabytes" of data that it consumes on the hard drives on which it is provided, Mr. Smith explains in his Declaration that he felt he did not need more time – and certainly did not request it – based on the volume of information because most of it was material he was already familiar with, coming as it did from his own computers, cellphones, business computers, and the like, and because he started the preparation for trial while he was still in Puerto Rico by hiring counsel and an investigator and starting his preparation before he reached New York. His attorneys (two of them, in succession) had time to review much of what Mr. Smith's discovery would be because, even though the government had not provided it to them, Mr. Smith himself was able to do so. Mr. Smith also explains that much of the data on the discovery disks is irrelevant material (personal photos, for example) stored on his computers and cellphones, that does not require study to be prepared for trial. For that reason the choice that Mr. Smith made to not ask for extra time for preparation was a reasonable one, and granting extra time over his objection was not reasonable, given the fact that Mr. Smith was being held in custody.

The Court postponed the decision on whether to allow Mr. Smith to represent himself, or alternatively, whether Mr. Smith will accept appointed

counsel, and then ruled on the speedy trial exclusion, stating, "Second, pursuant to [the Act] I will exclude all time between now and May 1ˢᵗ from calculations under the Speedy Trial Act for the reasons stated both here and in the earlier proceeding with Mr. Jackson, and also because the best interests of justice in excluding such time substantially outweighs the interest of the public and the defendant in a speedy trial precisely because that's the only way, whether he realizes it or not, that Mr. Smith can get a fair trial.", page 7. Mr. Smith's counsel made no objections, but Mr. Smith himself had repeatedly asserted his desire not to have the trial date moved, and clearly felt defeated in his efforts when he said "... I see the decision for speedy trial was already made." Id., at page 6.

The court held a final status conference to settle the issue of attorney representation for Mr. Smith, and new counsel was appointed with his consent. It should be noted that Mr. Smith's asserted desire to represent himself was obviously based on his desire to have the trial go forward on November 28, 2022. Once it was clear that the trial was postponed to May, 2023 whether he represented himself or not, there was no reason to accept the risk of trying to represent himself in order to obtain a speedy trial.

Mr. Smith's current counsel was appointed on November 21, 2022, and of course, needed some time to review the large amount of discovery and familiarize

himself with the case.

The defendant submits that no time between September 9, 2022 and November 17, 2022 (when the November 28 trial date was cancelled by the Court over the objection of the defendant) should be held to be excludable time. As stated before, there is no separate exclusion in 18 U.S.C. §3161(h) for "preparation for trial" – indeed, that is what the 70 days are for. When there are other considerations, like the filing of motions, the Court's consideration of motions, the designation of the case as "complex" (which eventually happened, but had not prior to November 17, 2022), problems with witnesses, problems with attorney's schedules, and other similar special issues, the Act provides for exclusions, which apply to both the dismissal sanction of the Act and the release-from-custody "sanction" (more like relief) of 18 U.S.C. §3164. Adding the days between September 9th and November 17th (9/9/2022 to 9/13/2022, four days, 9/13/2022 to 11/17/2022, 65 days) to even the minimum number of non-excludable days between Mr. Smith's arrest and his arrival in New York (61 days) exceeds the 90-day time frame provided for in §3164, and Mr. Smith should be granted a bail review with the standard being that the Court should set conditions of release which Mr. Smith can meet.

<u>Conclusion</u>

-16-

As a result of the violation of the 90-day "speedy trial clock" provided for in

18 U.S.C. § 3164 the Court should hold a prompt hearing for the review of Mr.

Smith's bail conditions and release him on a set of conditions that he can meet.

Dated:      New York, New York
            February 9, 2023

                                        Respectfully submitted,

                                         /s/ Thomas H. Nooter
                                        THOMAS H. NOOTER
                                        Attorney for Defendant Jatiek Smith