UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                :
                                        :
      v.                                :     Case No. 22 Cr. 352 (JSR)
                                        :
JATIEK SMITH, ET AL.,                   :
                                        :
            Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### DEFENDANTS' MOTION FOR ORDERS THAT THE GOVERNMENT PROVIDE NOTICES OF EVIDENCE IT INTENDS TO OFFER PURSUANT TO RULES 801(d)(2)(E) and 404(b)

| | |
|---|---|
| GLEN A. KOPP<br>MAYER BROWN, LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 506-2648 | JEAN D. BARRETT<br>RUHNKE & BARRETT<br>47 Park Street<br>Montclair, NJ 07042<br>(973) 744-1000 |
| DANIEL L. STEIN<br>WEIL, GOTSHAL & MANGES, LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8140 | *Attorney for Anthony McGee*<br><br>LISA SCOLARI<br>LAW OFFICE OF LISA SCOLARI<br>20 Vesey Street, Suite 400<br>New York, NY 10007<br>(212) 227-8899 |
| *Attorneys for Rahmiek Lacewell* | *Attorney for Kaheen Small*<br><br>MICHAEL D. BRADLEY<br>BRADLEY LAW FIRM PC<br>2 Park Avenue, 20th Floor<br>New York, NY 10016<br>(212) 235-2089<br><br>*Attorney for Damon Dore* |

On the memo: Jean D. Barrett

**TABLE OF CONTENTS**

**I. PRELIMINARY STATEMENT**................................................... 1

**II. THE GOVERNMENT SHOULD BE ORDERED
TO PROVIDE PROFFERS OF STATEMENTS IT
INTENDS TO INTRODUCE PURSUANT TO
FED. R. EVID. 801(d)(2)(E) IN ANTICIPATION OF
A PRETRIAL ADMISSIBILITY HEARING**................................ 1

**III. THE GOVERNMENT SHOULD PROMPTLY
PROVIDE NOTICE OF ITS INTENT TO OFFER
EVIDENCE PURSUANT TO FED. R. EVID. 404(b)
IN ORDER TO ALLOW DEFENDANTS SUFFICIENT
OPPORTUNITY TO INVESTIGATE AND CHALLENGE
THE INTRODUCTION OF SUCH EVIDENCE**............................ 5

**IV. CONCLUSION**................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Huddleston v. United States*, 485 U.S. 681 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Terrorist Bombings*, 552 F.3d 93 (2d Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Bermea*, 30 F.3d 1539 (5th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v Birnbaum,* 337 F2d 490  (2d Cir 1964). . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Corey*, 566 F.2d 429 (2d Cir. 1977).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Cornett*, 195 F.3d 776  (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Diaz*, 176 F.3d 52 (2d Cir. 1999).. . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

*United States v. Eubanks*, 591 F.2d 513 (9th Cir. 1979).. . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Fielding*, 645 F.2d 719 (9th Cir. 1981).. . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v.  Gigante*, 166 F.3d 75 (2d Cir. 1999).  . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Gubelman*, 571 F.2d 1252  (2d Cir. 1978).. . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Gupta*, 747 F.3d 111 (2d Cir. 2014).  . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*United States v. Layton*, 720 F.2d 548 (9th Cir. 1983);. . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Lieberman*, 637 F.2d 95 (2d Cir. 1980). . . . . . . . . . . . . . . . . . . . . . .  2, 4

*United States v. Mallay*, 712 F.3d 79 (2d Cir. 2013).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. McCallum*, 584 F.3d 471 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Means*, 695 F.2d 811 (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Munoz*, 36 F.3d 1229  (1st Cir. 1994).. . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Murray*, 103 F.3d 310 (3d Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Simmons*, 923 F.2d 934 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Thai*, 29 F.3d 785 (2d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Tracy*, 12 F.3d 1186 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Urbanik*, 801 F.2d 692 (4th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

**Federal Rules of Evidence**

104(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

403. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

404(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, *et passim*

609. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

801(d)(2)(E). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, *et passim*

**Other Authorities**

J. Weinstein & M. Berger, *5 Weinstein's Evidence* (2018). . . . . . . . . . . . . . . . . . . . . . . . 2

**I. PRELIMINARY STATEMENT**

Defendants Anthony McGee, Kaheen, Small, Damon Dore and Rahmiek Lacewell (hereinafter "the Moving Defendants"), by and through counsel, respectfully move for the entry of Orders that the government provide notices of evidence it intends to offer pursuant to Rules 801(d)(2)(e) and 404(b).

**II. THE GOVERNMENT SHOULD BE ORDERED TO PROVIDE PROFFERS OF STATEMENTS IT INTENDS TO INTRODUCE PURSUANT TO FED. R. EVID. 801(d)(2)(E) IN ANTICIPATION OF A PRETRIAL ADMISSIBILITY HEARING**

Fed. R. Evid. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(d)(2)(E) sets forth the co-conspirator rule, and provides that, "[a] statement is not hearsay if . . . [it] is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." In order to admit co-conspirator statement under Rule 801(d)(2)(E), the proponent must show by a preponderance of the evidence (1) that there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy. *United States v. Diaz*, 176 F.3d 52, 83 (2d Cir. 1999).[1]

---

[1] If our motion for a pretrial hearing is denied, it is submitted that the issue of the admissibility of the statements should only be addressed after the Government has presented its evidence of the conspiracy and Mr. Felton's alleged membership at trial.

1

Both the declarant and the defendant must be shown to be members of the conspiracy. *United States v. Mallay*, 712 F.3d 79, 105-06 (2d Cir. 2013). The Court may find that both were members of the conspiracy where the evidence establishes that "the . . . alleged coconspirators entered into a joint enterprise with consciousness of its general nature and extent." *In re Terrorist Bombings*, 552 F.3d 93 137-38 (2d Cir. 2008), *quoted with approval in Mallay, supra,* 712 F.3d at 105-06.

The Second Circuit has repeatedly warned that co-conspirator statements are admissible only when the speaker makes the statements with the intent to further or advance the goals of the conspiracy. Not all statements made by conspirators to each other are admissible. "To be in furtherance of the conspiracy, a statement must be more than 'a merely narrative' description by one co-conspirator of the acts of another.'" *United States v. Gupta*, 747 F.3d 111, 123-24 (2d Cir. 2014) (citations omitted). Statements about past events are not admissible unless they "serve some current purpose in the conspiracy, such as to promote [] cohesiveness,' or to provide reassurance to a coconspirator." *United States v. Thai*, 29 F.3d 785, 813-14 (2d Cir. 1994) (quoting *United States v. Simmons*, 923 F.2d 934, 945 (2d Cir. 1991). "Entirely retrospective" statements, *United States v. Lieberman*, 637 F.2d 95, 102-03 (2d Cir. 1980), or "idle chatter" among conspirators, *United States v. Diaz*, *176 F.3d* at 85, are not admissible. The "in furtherance" requirement is designed "to protect the accused against idle chatter of criminal partners as well as inadvertently misreported and deliberately fabricated evidence." J. Weinstein & M. Berger, *5 Weinstein's Evidence*, 801(d)(2)(E)[01]

at 41 (2018).

A statement is in "furtherance of the conspiracy" only when it is intended to prompt a the listener to act in such a manner that advances the conspiracy's goals. The statement must be intended to "induce" the listener to do something connected with the conspiracy. *United States v. Gupta*, 747 F.3d at 125; *United States v. Gigante*, 166 F.3d 75 (2d Cir. 1999). "We have held that the term 'in furtherance of the conspiracy' implies that 'the statements must in some way have been designed to promote or facilitate achievement of the goals of the ongoing conspiracy, as by, for example . . . seeking to induce a coconspirator's assistance, serving to foster trust and cohesiveness, or informing coconspirators as to the progress or status of the conspiracy.'" *United States v. Diaz,* 176 F.3d at 85, *citing United States v. Tracy*, 12 F.3d 1186, 1196 (2d Cir. 1993). "Mere conversations between co-conspirators" or "mere narrative declarations" are inadmissible. *United States v. Layton*, 720 F.2d 548, 556 (9th Cir. 1983); *United States v. Fielding*, 645 F.2d 719 (9th Cir. 1981). "The fact that one conspirator tells another something relevant to the conspiracy does not alone make the declaration competent; the declaration must itself be an act in furtherance of the common object; mere conversation between conspirators is not that." *United States v Birnbaum,* 337 F2d 490, 494-495 (2d Cir 1964) (statements by one co-conspirator to another about third conspirator's criminal activity inadmissible since not made to advance conspiracy).

*United States v. Urbanik*, 801 F.2d 692, 695 (4th Cir. 1986) is illustrative. Two co-

conspirators conducted a drug transaction. Both were amateur weight lifters. After completing the transaction, they began a weight lifting session, during which one of them remarked on the weight lifting prowess of a third party, Urbanik, and then implicated Urbanik as a drug supplier. Although the statement implicating Urbanik was made *by a co-conspirator* and *in the course of the conspiracy*, the Fourth Circuit ruled that it was inadmissible against Urbanik because it was not made *in furtherance of the conspiracy*.

> The statement identifying Urbanik as Pelino's "connection" for marijuana was merely a casual aside to the discussion of Urbanik the weight-lifter. In no sense but a most speculative one could it be thought to have been made to further the purposes of the conspiracy. Haselhuhn himself testified that this identification of Pelino's marijuana supplier could have had no effect on the conspiratorial relationship between him and Pelino. We think that this statement can fairly be treated only as the sort of idle conversation which though it touches upon, does not "further," a conspiracy, and which accordingly should not be admitted under Rule 801(d)(2)(E). See *United States v. Means*, 695 F.2d 811, 818 (5th Cir.1983); *United States v. Lieberman*, 637 F.2d 95, 102 (2nd Cir.1980); *United States v. Eubanks*, 591 F.2d 513, 520 (9th Cir.1979). The requirement that the statements have been in furtherance of the conspiracy is designed both to assure their reliability and to be consistent with the presumption that the coconspirator would have authorized them…. The requirement is not satisfied by a conversation … which amounted to no more than idle chatter.

*United States v. Urbanik*, *supra,* at 698 (citations in original). *See also*, *United States v. Cornett*, 195 F.3d 776, 784 (5th Cir. 1999) (during wide ranging conversation about romantic relationships, trust, and bowling, drug dealer casual remark that he gave $500,000 in drug money to girlfriend excluded as to girlfriend because not made in furtherance of conspiracy).

Fed. R. Evid. 104(a) provides in pertinent part that "preliminary questions concerning . . . admissibility of evidence shall be determined by the court." It is submitted that the preliminary determination regarding admissibility of co-conspirator statements can best be made at a hearing conducted prior to trial. To that end, it is requested that the Court order the government to provide to statements it intends to offer under Rule 801(d)(2)(E) in sufficient time to permit such a hearing.

### III. THE GOVERNMENT SHOULD PROMPTLY PROVIDE NOTICE OF ITS INTENT TO OFFER EVIDENCE PURSUANT TO FED. R. EVID. 404(b) IN ORDER TO ALLOW DEFENDANTS SUFFICIENT OPPORTUNITY TO INVESTIGATE AND CHALLENGE THE INTRODUCTION OF SUCH EVIDENCE.

Fed. R. Evid 404(b) prohibits the use of other crimes wrongs or acts as character evidence, but authorizes the admission of this type of evidence to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b)(2). The Rule requires prosecutors in a criminal case to provide notice of "any such evidence . . . so that the defendant has a fair opportunity to meet it." Rule 404(b)(3)(A). The notice must include "the permitted purpose (for) the evidence and the reasoning that supports that purpose."

As we have already pointed out, the government must show a specific purpose for admission of misconduct evidence not charged in the indictment. *Huddleston v. United States*, 485 U.S. 681 (1988). In other words, it must show the evidence is offered for a proper purpose, that it is relevant to a disputed fact, that its probative value is not substantially outweighed by its prejudicial effect, and that it is accompanied by a limiting

5

instruction. *See United States v. McCallum*, 584 F.3d 471 (2d Cir. 2009).

As then-Judge, now-Justice Alito wrote in *United States v. Murray*, 103 F.3d 310 (3d Cir. 1997), in order for the Court to determine the admissibility under 404(b)(2) of uncharged misconduct evidence, the government must identify "the chain of inferences leading from the evidence in question to a fact that is of consequence to the determination of the action." 103 F.3d at 316. This requires the government to first identify the material fact in issue and establish that the proposed evidence increases the probability of the existence of that fact. Identifying a non-propensity material issue is a necessary condition for admission of uncharged misconduct evidence, but it is not sufficient. That material fact must genuinely be in dispute; if it is only technically in dispute, the instances of conduct should be excluded. *See United States v. Gubelman*, 571 F.2d 1252, 1254 (2d Cir. 1978).

Even if the conduct is logically relevant to prove that non-propensity material fact in issue, the court must determine whether the probative value of the evidence substantially out weighs its prejudicial effect. Will the evidence confuse the jury and distract from the central issues in the case or, more importantly tempt the jury to decide the case on an improper basis. *See United States v. Munoz*, 36 F.3d 1229, 1233 (1st Cir. 1994); *Adv. Com. Note*, Fed.R.Evid. 403. If the government has available evidence to which the extrinsic evidence adds little, the uncharged evidence should be more readily excluded. *United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir. 1994).

When evaluating the probative value of the offered evidence, the distance in time of

6

the facts offered discounts their value. *United States v. Corey*, 566 F.2d 429, 432 (2d Cir. 1977). *Cf.* Fed. R. Evid. 609(b) (generally restricting the use of convictions to impeach the credibility of a witness to convictions rendered within ten years). The test is whether the introduction of marginally relevant information will tempt a jury to decide the case on an improper basis. *See* Fed.R.Evid. 403, Advisory Committee Notes.

In order to address other bad acts evidence, the defendants must have the notice prescribed by 404(b)(3) sufficiently before trial to permit an investigation and possible pretrial challenge where appropriate.

### IV. CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court order the government to promptly disclose evidence it intends to offer pursuant to Federal Rules of Evidence 801(d)(2)(E) and 404(b).

Respectfully submitted,

/s/ Glen A. Kopp
GLEN A. KOPP
MAYER BROWN, LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2648

/s/ Daniel L. Stein
DANIEL L. STEIN
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8140

*Attorneys for Rahmiek Lacewell*

/s/ Jean D. Barrett
JEAN D. BARRETT
RUHNKE & BARRETT
47 Park Street
Montclair, NJ 07042
(973) 744-1000

*Attorney for Anthony McGee*

/s/ Lisa Scolari
LISA SCOLARI
LAW OFFICE OF LISA SCOLARI
20 Vesey Street, Suite 400
New York, NY 10007
(212) 227-8899

*Attorney for Kaheen Small*

/s/ Michael D. Bradley
MICHAEL D. BRADLEY
BRADLEY LAW FIRM PC
2 Park Avenue, 20th Floor
New York, NY 10016
(212) 235-2089

*Attorney for Damon Dore*