UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

       - v. -                                  22 Cr. 352-1 (JSR)

JATIEK SMITH, et al,,

       Defendants.
------------------------------------------------------X

                Reply Memorandum of Law on
                <u>Motion for Release on Conditions of Bail</u>


                              Submitted by

                              FREEMAN, NOOTER & GINSBERG
                              By Thomas H. Nooter, Esq.
                              Attorney for Defendant Jatiek Smith
                                  And
                              Jill R. Shellow, Esq.
                              Co-Counsel for Defendant Jatiek Smith


TO:   DAMIAN WILLIAMS
       United States Attorney
       Southern District of New York
       by: Mollie Bracewell, Elizabeth A. Espinoza,
           Rushmi Bhaskaran, and Adam S. Hobson
           Assistant United States Attorneys

TABLE OF CONTENTS

Reply Argument:

    Speedy Trial Release Motion, 18 U.S.C. § 3164 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Release for Medical Reasons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Danger to the Community . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF CASES AND AUTHORITIES

### Cases

*United States v. Pena*, 793 F.2d 486  (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1- 3

### Statutes

18 U.S.C. § 3161. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

18 U.S.C. § 3164. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Reply Memorandum of Law on
Motion for Release on Conditions of Bail

## Argument

The defendant, Jatiek Smith, hereby replies to the arguments made by the government in their response dated February 22, 2023 (Docket Entry 162) to Mr. Smith's motion for release on conditions of bail,

### Speedy Trial Release Motion, 18 U.S.C. § 3164

As a general matter it should be noted that the speedy trial "release" motion is based on a different statute from that which applies to whether a case should be dismissed (18 U.S.C. § 3161). While § 3164 incorporates the time-counting "exclusions" of § 3161(h), it does not incorporate other provisions from that statute. Specifically, the starting point for counting the 90-day period during which a trial is supposed to be held is the date of the finding that a defendant is "high risk" (meaning a flight risk or a danger to the community), and that starting point does not "reset" when a defendant is moved into the district of trial from another federal district based on a removal order. (18 U.S.C. § 3161 (c)(1) (which was not incorporated into § 3164 when that statute was amended in 1979 to include the exclusions of § 3161(h)),

On page 14 of the government's answering papers they argue that the exclusion made on June 28, 2022 in the Southern District of New York by Magistrate Judge Stewart Aaron from June 28 to July 5, 2022, for the defendants whose cases were before him (while Mr. Smith was in the District of Puerto Rico), applied to Mr. Smith based on the application of exclusions to co-defendants to all defendants (citing *United States v. Pena*, 793 F.2d 486, 488-489 (2d Cir. 1986). Because we concede that the exclusion period of § 3161(h)(1)(F) would include up to ten days

-1-

for transferring a defendant from another district we concede that the period from June 28, 2022 through July 8, 2022 would be excludable as part of those ten days and therefore we do not need to address the exclusion made by Magistrate Judge Aaron on June 28, 2022.

On July 5, 2022 there was a court appearance before this Court for all of the defendants except Mr. Smith, who was still in Puerto Rico. There was no appearance on his behalf by any attorney. At that conference the Court set a trial date of May 1, 2023, and a discovery deadline of August 16, 2022 (see Transcript, 7/5/2022, Document No. 50, pp. 5 and 15). The government argues that pursuant to § 3161(h)(6) [the exclusion applied to any defendant applies to others] and relies on *United States v. Pena*, supra, at 488-489 that this also applied to Mr. Smith (See government Memorandum of Law at p. 14).

As an initial matter, the reliance on the *Pena* decision is misplaced: in that case there was an exclusion due to the unavailability of two potential defendants who were fugitives (the "Canas"), which was applied to the defendants who were available up to the point when their cases were severed from those of the fugitives. See *Pena* at 488-489. The Circuit held that the exclusion described in § 3161(h)(3) for fugitives did not apply, but that a 25-day exclusion for the period when the cases were joined applied to the two defendants who proceeded to trial (without the fugitives) did apply pursuant to the "co-defendant" exclusion provision of § 3161(h)(7), and that 25 days was not "unreasonable." See *Pena* at 489-490. The difference is that in our case the "unavailable" defendant is Mr. Smith, who is objecting to any exclusion – and would have been more in the position of the "Canas" (the fugitives in the *Pena* case) – rather than being in the position of the defendants who whose trial was delayed because of the unavailability of the fugitives. Unlike the Canas, however, Mr. Smith was not a fugitive and the

fact that he was not present at the July 5th hearing was not his fault. Thus the *Pena* case is not directly apposite to Mr. Smith's situation.

Mr. Smith, being unrepresented at the July 5th hearing, but being an active co-defendant in the case, had no opportunity to object to the exclusion of time granted to the other defendants without objection by them at the July 5th hearing. Indeed, within several weeks of that hearing Mr. Smith sent a letter directly to the Court waiving his right to make any pretrial motions and demanding a speedy trial. Neither the *Pena* case or any other suggests that a defendant who is not present through no fault of his own can be bound by the failure of other defendants to object to the application of speedy trial exclusions. His ability to have a speedy trial was at that point limited by the slowness of the government in moving him to New York from Puerto Rico – again, not through any fault of his own[1]. Indeed, the filing of that protest which was then pressed when Mr. Smith appeared before this Court on September 9th resulted in the severance of Mr. Smith's case (and that of several others who joined in his demand for a speedy trial) and a much more rapid trial date being set (October 17th, changed on September 13th to November 28th). Thus it seems clear that if on July 5, 2022 Mr. Smith's position had been heard by this Court, that a severance would have been granted and a trial within the speedy trial clock would have been set for Mr. Smith. And thus, the co-defendants failure to express that position – and Mr. Smith's

---

[1]We also note that when the government decided to execute the arrests of the defendants after many months of investigating the case they chose a "take-down" date when they knew Mr. Smith was going to be in Puerto Rico for a temporary trip. How much they knew, even though for two months they had a wiretap on his phone, about Mr. Smith's travel plans we cannot say, expect they knew enough to send agents to arrest him in San Juan. Whether there was any other necessity for doing the arrests that day is also not known to the defense, but it seems that the delay caused by arresting Mr. Smith outside of the Southern District (where he lived) was entirely caused by the government decision on when to make the arrest.

inability to express it – should not be held to be the basis of an exclusion pursuant to § 3161(h)(7) based on exclusions applied to the co-defendants.

With respect to the exclusions ordered by the Court on and after September 9, 2022, to the cases which were severed from the May 1st group of defendants, we rely on the arguments made in the opening motion papers.

Release for Medical Reasons

After the filing of the opening motion papers for this bail motion the government took significant steps to try to arrange for the MDC (the Metropolitan Detention Center, where Mr. Smith is detained) to receive medical attention, specifically to have the facility arrange for an examination by a gastro intestinal ("GI") specialist and for Mr. Smith to obtain pain medication for the constant pain he has as a result of the throat issues previously diagnosed during an emergency visit to a hospital on December 8, 2022. As a result of the government's efforts Mr. Smith was seen by a doctor at MDC who confirmed that he needed an examination by a GI specialist. MDC officials claimed that they made an appointment for an off-site examination but that they could not inform the defendant or the prosecutors of the exact date for security reasons; they did say, however, that it would be on or before today's date (the last day of February). It should be noted that the MDC medical staff is reluctant to provide any pain-killing medication due to a fear that the medication might interfere with a medical treatment plan for Mr. Smith's GI issues, and so every delay in getting that plan established leaves Mr. Smith in constant pain.

During the time this motion has been pending Mr. Smith has communicated 1) a failure to be taken for a GI examination, and 2) that only after making a very pressing plea was he given some painkillers (Motrin and Tylenol, on two different days) which were not effective in dealing

with the pain his is suffering. Yesterday (February 27) Mr. Smith was informed that an appointment had been made for February 27, 2023, but that he was not going to be taken out for it because of a lack of staff at MDC, and that another appointment would be made for some time before the end of March. The government was just informed that MDC has set a new date for the GI appointment for some day next week (March 6 through March 10).

This is completely inadequate medical care. The result of the emergency trip to the hospital on December 8, 2022, was that he had multiple "food inpactions" in his throat which were removed but appear to have come back. These cause constant pain, for which he is not receiving adequate pain medication. He also has severe food allergies to almost all grains (wheat, soy, etc.) and other foods and continues to be given an inadequate diet (tortillas with peanut butter several times a day), and sometimes no meal at all.

At this time we ask that the Court grant release on the bail conditions offered previously ($750,000 PRB secured by his home and the signatures of five financially-responsible suretors) with home detention and other restrictions on his movement out of the house and communications to be discussed below, so that he can go immediately to an emergency room for treatment and be able to go to a doctor, hospital appointment or emergency room admission at any time that would be necessary for his continued medical care.

Danger to the Community

Mr. Smith's motion did not address danger to the community or risk of flight because, for the purposes of 18. U.S.C. § 3164, one or the other of those findings is a prerequisite for the statute to apply at all. Nevertheless, because the government has raised it and because for release based on Mr. Smith's medical condition it may be a proper consideration, we will make a few

additional points not previously made at the bail applications made in September, 2022.

The principle reason the government proposed that Mr. Smith is a danger to the community is because of the audio-recorded threats made to people (many of which were recorded by Mr. Smith himself) and his participation in several non-lethal acts of violence during the period of the "racketeering enterprise."

The suggestion is that he might threaten or tamper with witnesses more easily if he were not in custody. There is no merit to that theory. It has become a widely-known fact that prisoners at the MDC can obtain access to cellular telephones and other internet-based communications methods (like WhatsApp and email programs); indeed, Mr. Smith was detained in the SHU ("special housing unit") for several weeks for having possession of an unauthorized telephone. That said, there is no evidence that since his arrest on June 28, 2022 he has made any attempt to threaten or communicate at all with any potential witness in this case. It should also be noted that for a period of time when the case was scheduled for trial on November 28, 2022, Mr. Smith and his counsel had been given 3500 material (since returned or destroyed by his attorney when the trial date was reset to May) so he is aware, at least as of that time, of who the witnesses are expected to be and what in general they are expected to testify about. None has been threatened.

Mr. Smith is prepared to submit to a very limiting form of home detention, which could not only include a GPS location monitor on his body but the security cameras at his house (both inside and outside), which can be made available for monitoring by the government or Pre-Trial Services, and even a body camera for when he is allowed to leave his home (which he consents to pay the costs of). It is also noted that the house on Staten Island that he proposed to be posted as security for the bond has a value of about $890,000 with a mortgage of $541,000, for an equity

value of $349,000.

## Conclusion

For the foregoing reasons the defendant Jaitiek Smith respectfully requests that this Court release him on condition of bail.

Dated: New York, New York
February 28, 2023

                                                        Respectfully submitted,

                                                        */s/ Thomas H. Nooter*
                                                        Thomas H. Nooter

                                                        */s/ Jill R. Shellow*
                                                        Jill R. Shellow

                                                        Attorneys for Defendant Jatiek Smith

TO:    DAMIAN WILLIAMS
         United States Attorney
         Southern District of New York
              by ECF