N37GsmiC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                          2 Cr. 352 (JSR)

JATICK SMITH, et al.,

                                         Conference
            Defendants.

------------------------------x

                                  New York, N.Y.
                                  March 7, 2023
                                  2:45 p.m.

Before:

                   HON. JED S. RAKOFF,

                             District Judge

                      APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
RUSHMI BHASKARAN
MARY ELIZABETH BRACEWELL
    Assistant United States Attorney

THOMAS NOOTER
JILL R. SHELLOW
    Attorneys for Defendant Jatick Smith

SUSAN G. KELLMAN
CHRSTOPHER LA TRONICA
    Attorneys for Defendant Sequan Jackson

MICHAEL BRADLEY
    Attorney for Defendant Damon Dore

N37GsmiC

1                              APPEARANCES (continued)

2    LISA SCOLARI
          Attorney for Defendant Kaheen Small
3
     NELSON DE LA CRUZ
4         Attorney for Defendant Hasim Smith

5    GLEN A. KOPP
          Attorney for Defendant Rahmiek Lacewell
6
     THOMAS AMBROSIO
7         Attorney for Defendant Manuel Pereira

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

N37GsmiC

```
1              (Case called)

2              THE DEPUTY CLERK:  Will the parties please identify

3    themselves for the record.

4              MS. BHASKARAN:  Good afternoon, your Honor.  Rushmi

5    Bhaskaran and Molly Bracewell for the government.

6              THE COURT:  Good afternoon.

7              MR. NOOTER:  Good afternoon, your Honor.  Thomas

8    Nooter, along with Jill Shellow, for Mr. Jatick Smith.

9              THE COURT:  Good afternoon.

10             MS. KELLMAN:  Good afternoon, your Honor.  Susan

11   Kellman and Chris La Tronica for Mr. Sequan Jackson, who is

12   seated behind us, your Honor.

13             THE COURT:  Good afternoon.

14             MS. SCOLARI:  Good afternoon, your Honor.  Lisa

15   Scolari for Mr. Kaheen Small, who is behind me seated in the

16   courtroom.

17             THE COURT:  Good afternoon.

18             MR. DE LA CRUZ:  Good afternoon, your Honor.  Nelson

19   De La Cruz on behalf of Mr. Hasim Smith.

20             THE COURT:  Good afternoon.

21             MR. BRADLEY:  Good afternoon, your Honor.  Michael

22   Bradley for Mr. Damon Dore seated here.

23             THE COURT:  Good afternoon.

24             MR. KOPP:  Good afternoon, your Honor.  Glen Kopp for

25   Mr. Lacewell.  He has the glasses on and the suit in the front
```

N37GsmiC

1    row.

2              THE COURT:  Good afternoon.

3              So I want to thank everyone for their excellent

4    papers.  And with apologies to a number of counsel who won't be

5    called upon to speak, I really think I have enough on the

6    papers to resolve all the motions, with one possible exception.

7    So really, I only want to hear from counsel on that motion --

8    I'll get to that in a second -- and then I want to take up

9    anything else that anyone wants to raise, since the trial in

10   this case is now only a few weeks off.

11             The one motion was the motion of Jatick Smith to

12   suppress the results of the search of his phone that was first

13   conducted without a warrant at the border, at which time an

14   electronic copy of the phone was made that was later searched

15   pursuant to a warrant.  And nevertheless, it appears that

16   there's a substantial issue under the Supreme Court's decision

17   in *Riley v. California*.  So let me hear first from moving

18   counsel and then from government counsel.

19             MR. NOOTER:  Thank you very much, your Honor.

20             THE COURT:  I don't want you, Mr. Nooter, to repeat

21   what's in your papers, but I was wondering whether you wanted

22   to say anything in response to the government.

23             MR. NOOTER:  Yes.  There are a number of things.  I

24   probably should have tried to write a reply, because there are

25   actually quite a few things they brought up.

N37GsmiC

|     |                                                              |
| --- | ------------------------------------------------------------ |
| 1   | THE COURT:  Let me say this to all defense counsel.          |
| 2   | If anyone thinks I would benefit from reply papers or anything |
| 3   | you just forgot -- not a new motion, but anything on the     |
| 4   | motions that were filed -- since we do have a little time     |
| 5   | before the trial in early May, I would give you leave to submit |
| 6   | that by no later than Monday of next week.  And I would put  |
| 7   | off -- I'm already frankly starting to draft my rulings -- but |
| 8   | I would hold off on that, and then get you my rulings, say, by |
| 9   | no later than the end of next week.  So if you would prefer to |
| 10  | go that route, that's fine.  But it's not an either/or choice |
| 11  | either.  Either speak now or send me a reply brief on Monday. |
| 12  | MR. NOOTER:  Your Honor, I think I would prefer to           |
| 13  | send a reply brief.                                          |
| 14  | THE COURT:  Okay.  That's fine.  So Monday by               |
| 15  | midnight.                                                    |
| 16  | MR. NOOTER:  Your Honor, could I possibly ask for           |
| 17  | Tuesday by midnight.  I'm going to be traveling.            |
| 18  | THE COURT:  You are greedy.  Tuesday at midnight is         |
| 19  | fine.                                                        |
| 20  | MR. NOOTER:  Thank you.                                     |
| 21  | THE COURT:  And is there anyone else who wants to do a      |
| 22  | reply on any of the other motions?                          |
| 23  | Okay.  So that will be great.                               |
| 24  | If the government wants to put in a surreply -- and         |
| 25  | you are not required to -- but if you do -- how many pages do |

N37GsmiC

1    you want for your reply?

2              MR. NOOTER:  Ten, maybe.

3              THE COURT:  Sure.

4         So ten pages also for the government on surreply.  I

5    do want to get this all decided at least by a bottom line order

6    by Friday so you'll all know where things stand.  So surreply

7    by midnight on Thursday.

8              MR. NOOTER:  Thank you very much.

9              THE COURT:  And by the way, I don't mean to in any way

10   any of the good motions that were filed.  I just think I have

11   what I need to resolve them.

12            Is there anything else regarding the trial or anything

13   else that anyone wants to raise at this time?

14            MS. BHASKARAN:  Your Honor, the government has

15   information that bears on Mr. Smith's pending bail motion we

16   would like to bring to the Court's attention.  And that is that

17   the government on Sunday seized a contraband cell phone from

18   Mr. Smith's cell at the MDC.  It's a sole occupancy cell.  And

19   this is actually the second contraband cell phone that we have

20   found from Mr. Smith since he's been detained on this case.

21            We received a warrant to review the contents of that

22   phone yesterday, began reviewing the contents of that phone

23   last night.  We then came across a potentially privileged

24   communication on that phone, which was in the form of a

25   screenshot of an email with counsel.  So the case team then put

1  pencils down, stopped reviewing the phone.  And now that phone

2  is in the process of going through a privilege review, which

3  started this morning.

4        Because of the privilege review, we haven't really

5  been able to dive deep into the phone, but there are some

6  communications that have been turned over to the case team.  We

7  think they are incredibly alarming.  It shows that the

8  defendant is attempting to communicate with his co-defendants,

9  which itself would be a violation of the bail conditions.  He

10  is saying things like people who plead guilty will be his enemy

11  and attempting to dissuade people from resolving their cases.

12  All of this is incredibly, incredibly alarming.

13        We do know, based on phone numbers that we have in the

14  case, that he appears to be in direct communication with Sequan

15  Jackson's girlfriend and also with defendant Damon Dore through

16  his -- excuse me -- he was in contact with Sequan Jackson

17  through his girlfriend's phone.

18        THE COURT:  Well, this is obviously a serious matter.

19        What relief are you seeking?

20        MS. BHASKARAN:  Your Honor, because there's a pending

21  bail motion with respect to Mr. Smith, we wanted to make sure

22  that the Court had that information before it ruled on that

23  motion.  The government may well --

24        THE COURT:  I had already determined, independent of

25  that, to deny that motion.

N37GsmiC

1          MS. BHASKARAN:  Thank you, your Honor.

2          And with respect to the other defendants, we are still

3    looking through the contents of the phone.  The government may

4    have future motions with respect to bail with respect to other

5    defendants.  We're not there right now.  But again, we wanted

6    to apprise the Court of this in light of the what was pending

7    motion.

8          THE COURT:  I don't know if counsel wants to say

9    anything about this.

10         Is this the first you are learning of this?

11         MR. NOOTER:  Well, we learned about 10, 15 minutes

12   ago.

13         I think we would rather not comment.  If the Court has

14   already ruled on the bail motion, I don't think there's

15   anything we would be adding now.

16         THE COURT:  That's fine.

17         I mean, there's no other application from the

18   government at this time.  I can imagine they might have other

19   applications, but we'll deal with that when it comes up.

20         I think this is a specter that has hung over this case

21   from early on.  And in some of my bail rulings where I ruled in

22   favor of defendants, it was despite some suggestions of

23   improper activity of the sort the government has just

24   described.  And so, of course, the Court takes this very

25   seriously.  But it's an adversary system, and I'm not going to

N37GsmiC

1    suggest anything.  I'll just wait to see what the government --

2    what, if any, applications they make.

3             Anything else?

4             Thank you very much.

5             (Adjourned)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25