UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v- | 22-cr-352 (JSR) |
| JATIEK SMITH et al., | ORDER |
| Defendants. | |

JED S. RAKOFF, U.S.D.J.:

On October 30, 2023, *pro se* defendant Jatiek Smith filed a multi-part motion, requesting a bench trial as well as various other forms of relief. *See* Dkt. 296. On October 31, 2023, the Government submitted a letter indicating they objected to a bench trial in this case. *See* Dkt. 298. The Government submitted a letter responding to the remainder of Defendant's requests today. *See* Dkt. 299.

Except with respect to defendant's request for a bench trial, the defendant's motion is denied for the reasons well-articulated in the Government's responding letter filed today. *see* Dkt. 299.

With respect to defendant's request for a bench trial, the Court's deputy was late this afternoon made aware by the United States Marshals that defendant has a substantial history of anger management issues and that as a result the Marshals believe it will be necessary for the defendant to remain shackled for the entire duration of the trial. While the Marshals have been told to put this request in writing, so that the parties may respond, the Court is concerned that these security arrangements, as well as the real possibility of an outburst by defendant during trial, could substantially prejudice a jury.

1

Furthermore, the defendant's choice to represent himself *pro se* at the trial, together with his frequently-manifested unfamiliarity with the rules of evidence, further suggests that, even with the aid of his standby counsel, he may be subject to frequent reprimands in front of the jury. Accordingly, the Government is directed to make a written submission by no later than the close of business on November 7, 2023, explaining why the Court should not overrule the Government's objection to a nonjury trial. *See Singer v. United States,* 380 U.S. 24, 37 (1965) (acknowledging there may "be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial"); *see, e.g., United States v. Cohn,* 481 F. Supp. 3d 122, 135 (E.D.N.Y. 2020) (granting bench trial over Government's objection); *United States v. Schipani,* 44 F.R.D. 461, 463 (E.D.N.Y. 1968) (same).

    SO ORDERED.

New York, NY  
November 3, 2023

                                        JED S. RAKOFF, U.S.D.J.