```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    -v-<br><br>JATIEK SMITH et al.,<br><br>            Defendants. | 22-cr-352 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On March 5, 2024, *pro se* defendant Jatiek Smith, through his standby counsel, filed a motion making various requests, outlined below. *See* Dkt. 359. The Government sent a response on March 8, 2024, addressing the first and fifth requests outlined below, and taking no position on the remaining requests. The Court grants in part and denies in part Smith's requests, as explained below.

*First*, Smith claims he is being denied access to the MDC Brooklyn's law library. Although the Government notes that this was the result of problems that have now been fixed, Smith alleges he is still not being given access. In view of Smith's forthcoming sentencing on May 23, 2024 and Smith's *pro se* status, the warden of MDC Brooklyn is hereby directed to ensure that Smith is given at least 5 hours of access to the law library each week beginning the week of March 18, 2024 through the week beginning May 20 until his sentencing.

*Second*, Smith requests the Court appoint a mitigation specialist in connection with his upcoming sentencing. Given the circumstances of this case and the Court's already-extensive familiarity with Smith

and his background and capabilities, the Court does not believe any purpose would be served by appointing a mitigation specialist here. Accordingly, that request is hereby denied.

*Third*, Smith requests the Court appoint Dr. Goldsmith to perform a psychiatric evaluation of Smith in connection with his sentencing. The Court hereby grants that request on the understanding that Dr. Goldsmith will complete his evaluation and provide it to the Court no later than two business days before the sentencing scheduled for May 23, 2024. Standby counsel is directed to assist in facilitating this appointment and scheduling.

*Fourth*, Smith requests his pre-sentencing evaluation take place at the MDC Brooklyn. The Court has no objection to this but leaves it to the discretion of the Probation office to determine whether this makes sense under the circumstances.

*Fifth*, Smith asserts that he has not been receiving proper medical treatment at MDC Brooklyn. With respect to this request, the Court adopts the Government's suggestion that the Government coordinate with the MDC to ensure that Smith is receiving prompt and adequate medical attention.

In addition to the forgoing, Smith appears to make other miscellaneous requests, none of which warrant further action by the Court at this time, and hereby are denied without prejudice to being renewed if further developments warrant.

SO ORDERED.

New York, NY
March 13, 2024

_____
JED S. RAKOFF, U.S.D.J.