UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      -v.-

JATIEK SMITH,
      a/k/a "Tiek,"

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    :  **FINAL ORDER OF**
    :  **FORFEITURE**

    :  22 Cr. 352 (JSR)

WHEREAS, on or about June 11, 2024, this Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 384), which ordered the forfeiture to the United States of all right, title and interest of JATIEK SMITH (the "Defendant") in, *inter alia*, the following property seized by the Government from the Defendant's residence in New York, at the time of the Defendant's arrest on or about June 28, 2022:

    a.    $10,948.00 in United States currency, located in a safe in a camo bag;

    b.    $6,525.00 in United States currency, located in a safe in a black bookbag;

    c.    $4,318.00 in United States currency, located in a black handbag;

    d.    $6,745.00 in United States currency, in lower drawer of bedroom table;

    e.    $2,600.00 in United States currency, located in an Armani box;

    f.    One (1) .45 caliber Federal cartridge;

    g.    One (1) 9mm Smith & Wesson pistol, Model 59, black, serial number: A470660;

    h.    One (1) Smith & Wesson magazine;

i.      One (1) 9mm cartridge;

j.      One (1) Springfield Armory USA magazine, Model XDM;

k.      One (1) 9mm cartridge;

l.      One (1) .22 caliber Glock pistol, black, serial number: HHB252;

m.      One (1) Glock magazine;

n.      One (1) 40 caliber cartridge; and

o.      One (1) laser sight;

p.      One (1) .45 caliber Kimber pistol, chrome, serial number: K688454 (the "Firearm");

q.      One (1) Kimber magazine (the "Magazine");

(a. through q., collectively, the "Specific Property", a. through o., collectively, the "Forfeited Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require

2

publication of a notice of forfeiture and of the Government's intent to dispose of the Specific

Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose

of the Specific Property was posted on an official government internet site (www.forfeiture.gov)

beginning on October 3, 2024, for thirty (30) consecutive days, through November 1, 2024,

pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims

and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court

on November 12, 2025 (D.E. 415);

WHEREAS, on or about September 26, 2025, notice of the Preliminary Order of

Forfeiture was sent via certified mail to Johnny T. Merritts ("Merritts");

WHEREAS, on or about October 9, 2025, Merritts advised the Government of his

ownership interest in the Firearm and Magazine (collectively, the "Seized Property");

WHEREAS, on or about October 29, 2025, the Court entered a Stipulation and

Order resolving the respective interests of the Government and Merritts in the Seized Property

(D.E. 414) wherein the Government agreed to return the Seized Property to Merritts;

WHEREAS, thirty (30) days have expired since final publication of the Notice of

Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been

filed;

WHEREAS, the Defendant and Merritts are the only individuals and/or entities

known by the Government to have a potential interest the Specific Property;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the

United States shall have clear title to any forfeited property if no petitions for a hearing to contest

3

the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    All right, title and interest in the Forfeited Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.    Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeited Property.

3.    The United States Marshals Service (or its designee) shall take possession of the Forfeited Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
_____  1/16  ___, 2026

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

4